DECIDED JANUARY 19, 1931.

20352. SPECK *v.* SPECK.

BELL, J. 1. It is the duty of a guardian ad litem to exercise diligence to protect the interests of his ward in all matters relating to the litigation, and he is liable to his ward for such damages as may result from any culpable omission or neglect on his part. Civil Code (1910), §§ 3047, 3057; 31 C. J. 1041.

2. A guardian ad litem acts at his peril in consenting for a verdict and judgment to be rendered against his ward without proof of the essential allegations of the petition, and if the allegations be in fact untrue,

as is charged in this case, the ward may elect to sue his guardian for such damages as he thereby sustains (*Short* v. *Mathis*, 107 *Ga.* 807, 33 S. E. 694; *Beavers* v. *Brewster*, 62 *Ga.* 574, 578; *Stunz* v. *Stunz*, 131 Ill. 210, 23 N. E. 407; 14 R. C. L. 289 et seq.); irrespective of whether the verdict and judgment might have been set-aside on proper motion on his behalf. *Carroll* v. *Atlantic Steel Co.*, 151 *Ga.* 378 (106 S. E. 908, 14 A. L. R. 660).

3. Where the ward has sued his guardian upon such a cause, it is no sufficient reply that the guardian's misconduct was committed in a case in which the ward's interests were represented by an executor (*Gunn* v. *James*, 120 *Ga.* 482, 48 S. E. 148; *Miller* v. *Butler*, 121 *Ga.* 758, 49 S. E. 754; *Winn* v. *Walker*, 147 *Ga.* 427 (2), 94 S. E. 468), where the ward was himself made a party and the court was thereby invested with jurisdiction to render judgment against him, the guardian being estopped to interpose such defense. *Hines* v. *Mullins*, 25 *Ga.* 696 (2); *Griffin* v. *Collins*, 122 *Ga.* 102 (49 S. E. 827); *Gammage* v. *Perry*, 29 *Ga. App.* 427 (2) (116 S. E. 126).

4. Even if the executor be also liable as for a failure properly to represent the ward's interests, this fact would not relieve the guardian from the consequences of his own neglect or misconduct. Compare *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883).

5. A suit by a former ward against his former guardian ad litem for damages resulting from improper conduct on the part of the defendant while acting in such representative capacity in prior litigation to which the ward was a party involves no attack upon the judgment rendered in the prior litigation, and is not affected by any principle inhibiting a collateral attack upon such judgment.

6. In this suit against a former guardian ad litem by his former ward to recover damages for the alleged neglect and misconduct of the guardian, in consenting, without evidence, to a judgment and decree affecting the remainder interest of the ward in certain lands, in litigation against an executor in which the ward was made a party, the petition set forth a cause of action, and the defendant's general demurrer was therefore properly overruled.

7. The order and judgment excepted to shows not that the court refused to pass upon the special demurrer, but that judgment thereon was reserved. The presumption is that the judge will pass upon the special demurrer, as should be done, before the trial. *Seaboard Air-Line Ry. Co.* v. *Jolly*, 160 *Ga.* 315 (127 S. E. 765).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided January 19, 1931.

*J. A. McFarland,* for plaintiff in error.
*Oliver C. Hardin, Mann & Mann, Mitchell & Mitchell,* contra.