### 56964. DAWLEY et al. v. BUTTS COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

DEEN, Presiding Judge.

1. An order of a juvenile court judge finding certain minors to be deprived children and placing temporary legal custody of them in the appropriate unit of the Department of Family & Children Services is a final order from which a direct appeal will lie. *Sanchez v. Walker County Dept. of Family &c. Services,* 235 Ga. 817 (221 SE2d 589) (1976).

2. It is presumed in a nonjury trial that in his consideration of evidence the judge will sift the wheat from the chaff and select only the legal evidence. *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380 (3) (181 SE2d 75) (1971). Although Code § 24A-2101 (a) specifies that the juvenile court judge, in hearing a petition alleging that certain minor children are deprived children, is not to direct the making of a study and report by the Department of Family & Children Services under certain circumstances until after a hearing and decision on the issue of deprivation, the court here received and scanned a report of the Department of Family & Children Services prior to the trial of this case. When the provision was pointed out to him he explained his reason for examining the report, which had nothing to do with the merits of the case, and stated that he would consider nothing contained in it until after his decision on the issue of deprivation. In such a case the burden would be on the complainant to show that harm had been done by a premature examination, but this was not even contended to be the case. We assume that the reason for the statute is that it prevents the judge from being unnecessarily exposed to hearsay testimony. Such exposure is not generally cause for a new trial in a nonjury case. *English v. Milby,* 233 Ga.

7 (209 SE2d 603) (1974). Here the premature examination of the report was harmless error.

3. The domicile of an unemancipated minor is that of his father. Code § 79-404. The evidence at this hearing was sufficient to support the finding of fact that the parents of these eight children had recently moved from one place to another, had gone to Texas and returned, had then settled in with the maternal grandmother, where they were at the time of the hearing, and had given her address as their home. They had no other place of abode at the time, nor had they had for some time in the past. The evidence was sufficient to give the court jurisdiction over the children, four of whom were actually in the county, and four of whom were apparently "visiting" in other places, but without any severance of parental rights.

4. The evidence in this case clearly shows a failure, and indeed perhaps an economic inability, to keep these eight children in a clean, healthy environment. Additionally, two of the children had been in legal difficulties, one of them was clinically evaluated as "pre-psychotic" and several were in need of medical and dental care. The evidence supported the finding of deprivation.

5. The court appointed an attorney as guardian ad litem to the minors involved, and also permitted him to represent the children as their attorney. It is contended that these duties raise a conflict of interest, but nothing in this record supports such a view. Code § 24A-3301, holding that the court shall appoint a guardian ad litem where the interests of parent and child conflict, and specifying that no party to the proceeding "or his employee or representative" shall be appointed, is not relevant as the fact that the appointee was attorney for the children does not cast him in such a representative capacity as to disqualify him from also serving as guardian ad litem. The fiduciary relationship to the children is the same in both instances. Cf. *Speck v. Speck,* 42 Ga. App. 517 (1) (156 SE 706) (1930).

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED JANUARY 29, 1979.

*Alfred D. Fears, William P. Bartles,* for appellants.
*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.