## 62604. JORDAN v. GOFF.

CARLEY, Judge.

Appellee commenced this action against appellant, the executor under the will of William Mellette Jordan who died in 1970. It appears that the decedent was the father of two illegitimate children born to appellee. In 1967 appellee and the decedent entered into a written agreement whereby he agreed to pay appellee the sum of $100 per week for the support of these children until they reached the age of majority. In the present case, appellee sought to collect past due child support pursuant to this agreement which had accrued from May 17, 1979 through February 20, 1981. Appellee also sought to recover reasonable attorney's fees based upon the allegation that appellant was stubbornly litigious in failing and refusing to pay the weekly installments as they matured.

Appellant answered the complaint and denied only those allegations characterizing his refusal to pay as stubbornly litigious behavior authorizing the award of attorney's fees. In further response to the complaint, appellant stated that he refused to pay appellee unless ordered to do so by the court, or until appellee acquiesced in his demands that a guardian be appointed to represent the youngest child and that the oldest child, who apparently is over the age of 18, execute a release in favor of appellant in connection with any such payments. Appellant also responded that his refusal to pay until compliance with one of the foregoing conditions was motivated by a desire to protect himself from possible future claims by the children as beneficiaries under the agreement.

The parties entered into a stipulation whereby they agreed to all facts which had previously been set forth in their pre-trial order and agreed that the only issue for resolution was whether appellee was entitled to attorney's fees under Code Ann. § 20-1404 and, if so, the amount. In accordance with the stipulation, this matter was submitted to the trial court, without the intervention of a jury, for resolution. The trial court found that appellant had been stubbornly litigious and caused appellee unnecessary trouble and expense in the matter and entered judgment awarding appellee the sum of $9,200 in principal, $561.95 as interest, plus $500 as attorney's fees and cost of this action. From this judgment, appellant appeals.

1. Appellant contends that the trial court erred rendering the following conclusion of law: "3. That in actions for payment of contractual agreements for the support of children there is no legal requirement that the children be made parties to the action either directly or indirectly through guardian or otherwise, and likewise there is no legal requirement that they be made parties or

participants, directly or indirectly, in the receipt of the payment under such contracts, unless expressly required by such contract."

Appellant argues that the two children are third-party beneficiaries under the 1967 agreement between appellee and the decedent and, thus, a guardian should be appointed to represent the minor child and that the child of age should have been made a party to this litigation. Appellant also contends that under Code Ann. § 81A-117 this action should have been commenced in the names of the children because they are the real parties of interest.

We find appellant's contentions meritless. While the children as beneficiaries of the agreement between appellee and the decedent would be authorized to maintain an action against appellant under the agreement (Code Ann. § 3-108), there is no legal requirement that the children be made parties to this action. Code Ann. § 81A-117 (a) reads, in pertinent part, as follows: "Every action shall be commenced in the name of the real party in interest . . . [A] party with whom or in whose name a contract has been made for the benefit of another, . . . may sue in his own name without joining with him the party for whose benefit the action is brought . . ." The agreement in the present case being made in the name of appellee for the benefit of the children, appellee was authorized to institute this suit for their benefit and to do so without joining the children as parties.

Moreover, there was no legal requirement that a guardian be appointed to represent the interests of the minor child. Code Ann. § 49-111 provides, in pertinent part, as follows: "Whenever a minor shall be interested in any litigation pending in any court of this state, and shall have no guardian, or his interests shall be adverse to that of his guardian, such court may appoint a guardian ad litem for such minor . . ." First, appellee, as mother of the minor illegitimate child, is also that child's natural guardian. Code Ann. §§ 49-102, 74-203. Secondly, the record is utterly void of any showing that the interests of the minor child are adverse to those of appellee or that such interests are not otherwise fully protected. Under the circumstances of the instant case, there was no requirement that a guardian be appointed to represent the minor child.

2. In related enumerations of error appellant contends that the trial court erred in awarding appellee attorney's fees predicated upon a finding that appellant had been stubbornly litigious and had caused appellee unnecessary trouble and expense. Code Ann. § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." This case would not support an award of attorney's fees if the record disclosed a mere

refusal to pay a disputed claim or debt. See *Murphy v. Morse,* 96 Ga. App. 513, 516 (3) (100 SE2d 623) (1957). However, the record shows considerably more. It is readily apparent that the present action is but the latest in a series of lawsuits between the appellee and appellant involving appellee's efforts to collect past due child support under appellee's agreement with the decedent.

In 1976 appellee brought an action in the U. S. District Court for the Middle District of Georgia, Thomasville Division, against appellant for all payments due under the agreement from the date of the decedent's death through the week ending October 7, 1976. That action resulted in the grant of summary judgment in favor of appellee. (Civil Action File No. 76-42-THOM, Middle District of Georgia, February 11, 1977). In May of 1979 appellee again filed suit against appellant to collect the past due sums which had accrued under the agreement from October 7, 1976 through May 17, 1979. That action also resulted in the grant of summary judgment in favor of appellee and she was awarded the principal sum of $13,500 plus interest in the amount of $1,444.96 (Civil Action File No. 79-29-THOM, U. S. District Court, Middle District of Georgia, August 14, 1979). Although the validity of the underlying agreement was adjudicated in 1976, appellant made no further payments to appellee until appellee instituted the second suit in 1979 for all installments which had accrued since the 1976 action. The record also reveals that in the prior two suits appellant did not attempt to assert as a defense the fact that the two children were not parties or otherwise directly represented in the litigation.

In view of the foregoing we conclude that the evidence was sufficient to support the trial court's finding that appellant had been stubbornly litigious and had caused appellee additional and unnecessary trouble and expense. Accordingly, the trial court did not err in awarding attorney's fees. *Franchise Enterprises v. Ridgeway,* 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*Leonard H. Conger,* for appellant.
*Ben Kirbo,* for appellee.