### 69057. COLLINS v. COLLINS.
(324 SE2d 475)

DEEN, Presiding Judge.

On February 26, 1981, the Cobb County Superior Court granted a decree of divorce for the appellee, David Collins, from Teresa Collins (now Moselander). The final judgment incorporated a settlement agreement entered by the two parties on January 12, 1981, which provided that the appellee would have custody of the couple's son, while Teresa Collins would have custody of their daughter, Amanda Rose Collins, and that neither party was obligated to pay child support.

From January 1981 to October 1981, Teresa Collins Moselander allegedly received from the Georgia Department of Human Resources (Department) $1040 in aid to families with dependent children (AFDC), for the maintenance of Amanda. It is unclear from the record whether the appellee ever was notified of the application for and award of AFDC benefits for the child. On November 10, 1981, pursuant to OCGA § 19-11-1 et seq., the Department commenced this action against the appellee, seeking to recover the amount of public assistance received by Teresa Moselander on behalf of Amanda. The trial court ultimately granted the appellee's motion to dismiss, on the basis that under the divorce decree of February 26, 1981, the appellee had no child support obligation and thus no liability for the public assistance paid out by the Department. *Held*:

The duty of parents to support their children is joint and several, and does not cease upon separation or divorce of the parents. OCGA §

19-7-2; *Mell v. Mell*, 190 Ga. 508 (9 SE2d 756) (1940). One parent cannot contract away the right of a child to be supported by the other parent, and such a provision in a divorce decree waiving a child's right to support is void. *Crumb v. Gordon*, 157 Ga. App. 839 (2) (278 SE2d 725) (1981); *Williamson v. State*, 138 Ga. App. 306 (3) (226 SE2d 102) (1976); see also *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972).

OCGA § 9-11-60 (a) provides that a judgment which is void on its face may be attacked in any court by any person. The Department did exactly that at the hearing on the appellee's motion to dismiss in this case, contesting the validity of the mutual waiver of child support contained in the divorce decree of February 26, 1981. Under the authority cited above, the child support waiver provision in question was void, and the trial court erred in finding it valid and determinative of this case. Accordingly, further proceedings are necessary to determine the appellee's liability, if any, for the AFDC benefits received by his child.

We note that the Supreme Court has recently held that "where parents are divorced and custody is awarded to one parent, where the parent not having custody has not been ordered by any court to pay child support, and where the nonpaying parent's address is known or can be ascertained, the state, although not required to make an investigation as to the nonpaying parent's ability to support the child before making AFDC payments, see OCGA § 19-11-10 (c), must notify the parent of the duty of support and of the application for AFDC payments before such parent becomes obligated to reimburse the state for such payments." *Burns v. Swinney*, 252 Ga. 461, 464 (314 SE2d 440) (1984). During the proceeding to follow, this case must be considered specifically in light of *Burns v. Swinney*, supra.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1984 —
REHEARING DENIED NOVEMBER 27, 1984.

*Charles E. Clark, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Vivian Davidson Egan, Assistant Attorney General, Mary Foil Russell*, for appellant.

*Janet Litt*, for appellee.