180 Ga. App. 688 (1986)
350 S.E.2d 50
IN RE K. L. S.
73401.
Court of Appeals of Georgia.
Decided October 28, 1986.
Clarence L. Leathers, Jr., for appellant.
Michael Greene, Solicitor, for appellee.
BANKE, Chief Judge.
The appellant petitioned the Juvenile Court of Gwinnett County to terminate her own parental rights with respect to her 15-year-old *689 daughter, K. L. S. This appeal is from the denial of her petition.
The facts are accurately set out in the trial court's order as follows: "Evidence showed that the reason for the filing of said petition was that the natural mother and the minor child have not had a `mother-daughter relationship' in approximately eight (8) years or more, they visit each other very infrequently, and the natural mother fears that the maternal grandmother [who is the child's legal guardian] will swear out a warrant for her arrest charging her with child abandonment. The court finds that while there has not been a true `mother-daughter' relationship, there has been occasional contact between the mother and daughter, and the mother has from time to time bought clothes and other items for the child."
The appellant based her petition on former OCGA § 15-11-51 (a) (3), which, at all times relevant to these proceedings, provided that the court may terminate the parental rights of a parent if the "written consent of the parent acknowledged before the court has been given . . ." (Former OCGA §§ 15-11-51 through 15-11-54, were repealed by Ga. L. 1986, p. 1017, effective July 1, 1986, and were replaced by OCGA §§ 15-11-80 through 15-11-92.) The appellant argues that, based on her consent to the termination of her parental rights, the court was required by the statute to grant her petition. Held:
"Consent" is defined by Black's Law Dictionary (Rev. 4th ed. 1968) as follows: "Voluntarily yielding the will to the proposition of another, acquiescence or compliance therewith . .. It means voluntary agreement by a person in the possession and exercise of sufficient mentality to make an intelligent choice to do something proposed by another." In the present case, there is no other party or agency seeking the termination of the appellant's parental rights. Thus, in reality, the appellant has not given her consent to anything by requesting the court to relieve her of any further legal responsibility for the child. We hold that the statutory authority of the juvenile court to entertain petitions to terminate parental rights does not extend to petitions by parents seeking judicial imprimatur of their own, voluntary abandonment of parental responsibility.
Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.