256 Ga. 768 (1987)
353 S.E.2d 507
IN RE L. L. B.
43354.
Supreme Court of Georgia.
Decided March 12, 1987.
Mary R. Carden, Janice Y. Martin, Phyllis J. Holmen, John L. Cromartie, Jr., for appellant.
Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General, for appellee.
Ruth F. Claiborne, amicus curiae.
BELL, Justice.
In this case a juvenile court terminated the appellant's parental rights to her minor daughter, L. L. B. The Court of Appeals affirmed, In re L. L. B., 178 Ga. App. 235 (342 SE2d 715) (1986), and we granted certiorari. For the following reasons, we vacate the judgments of the juvenile court and the Court of Appeals, and remand for further proceedings.
The Court of Appeals based its decision on former OCGA § 15-11-51, which was in effect when the Court of Appeals' opinion was issued. OCGA §§ 15-11-51 through 15-11-54 were repealed by Ga. L. 1986, p. 1017, effective July 1, 1986, which redesignated §§ 15-11-1 through 15-11-65 as Article 1 of Chapter 11 of Title 15, and added §§ 15-11-80 through 15-11-92 in a new Article 2. The termination of parental rights is now dealt with in Article 2, which has made several important changes in the previous law. For example, OCGA § 15-11-85 (a) now requires the appointment of an attorney to represent the child as his counsel in every termination proceeding. Another example is OCGA § 15-11-90 (a) (1), which directs the juvenile court, where there is no parent having parental rights, to attempt to place the child with the child's extended family or with a person related by blood or marriage, before making any other disposition.
"[A] reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." City of Valdosta v. Singleton, 197 Ga. 194, 208 (3) (28 SE2d 759) (1944). (Emphasis in original.) Accord Fulton County v. Spratlin, 210 Ga. 447 (2) (80 SE2d 780) (1954); Osteen v. Osteen, 244 Ga. 445 (260 SE2d 321) (1979).
There are no vested rights that will be impaired by applying the new law of termination of parental rights to this case. Moreover, the retrial of this case under OCGA § 15-11-80 et seq. may have a salutary effect, since it is possible that the counsel for L. L. B. who will be appointed pursuant to § 15-11-85 (a) will advocate some solution to L. L. B.'s medical dilemma which will stop short of permanently cutting the family ties between L. L. B. and the appellant. Or, perhaps, *769 even if the appellant's parental rights are terminated, the "exhaustive and thorough search" required by § 15-11-90 (a) (1) may reveal a "suitable family member" with whom the child can be placed; such a placement could, as a practical matter, permit continued contacts between L. L. B. and the appellant.
We therefore vacate the judgments of the juvenile court and the Court of Appeals, with the direction that on remand the juvenile court shall retry this case under OCGA § 15-11-80 et seq.
Judgment vacated and remanded with direction. All the Justices concur, except Gregory and Hunt, JJ., who concur in the judgment only.