the evidence of the prior arrest and conviction. Dion's attack upon the inherent invalidity of the breath analyzer and the results of the machine test was primarily addressed to the weight of the evidence and not its admissibility. Moreover, even if we were to determine it was error to allow the evidence before the court, the error would have been harmless. It is obvious the jury elected to agree with the position of Dion that the machine and its results were unacceptably inaccurate for the jury acquitted Dion of the offense predicated upon the results of the machine test. It is an old and sound rule that error, to be reversible, must be harmful. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741). Dion's acquittal of the offense based upon the questionable evidence rendered harmless any potential error. *Henderson v. State*, 134 Ga. App. 898 (1) (216 SE2d 696).

As to the admission of evidence of the prior arrest, Dion's contention of harm has been decided adversely to his contention. The evidence clearly was admissible to show Dion's course of conduct (*Kilgore v. State*, 176 Ga. App. 121 (1) (335 SE2d 465)) and state of mind. See *Thompson v. Moore*, 174 Ga. App. 331, 332, 334 (329 SE2d 914).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 28, 1987.

*Steven T. Maples*, for appellant.

*Ralph T. Bowden, Solicitor, Susan L. Warshauer, Nancy H. Jackson, Assistant Solicitors*, for appellee.

### 73868. IN RE J. D. O.
(357 SE2d 330)

SOGNIER, Judge.

The mother of J. D. O. appeals from a juvenile court order terminating her parental rights in the child.

The Supreme Court's decision in *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987) requires that we vacate the judgment of the juvenile court and remand for further proceedings under OCGA § 15-11-80 et seq. We note that OCGA § 15-11-85 (a) requires the appointment of an attorney to represent the child as counsel in every termination proceeding.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 28, 1987.

*Nathan B. Deaton,* for appellant.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Ken W. Smith,* for appellee.

## 74119. BRANCH v. BRANCH.
### (356 SE2d 759)

Birdsong, Chief Judge.

The plaintiff-appellant Obie F. Branch filed this personal injury action against his mother Beatrice Branch and against Textron, Inc. for injuries caused by a chainsaw when plaintiff was helping his father cut down a tree on his mother's property. Plaintiff was 19 years old at the time; his mother and father were divorced and he did not live with his mother. He had a high school diploma and had earned average grades. He was a member of the National Guard, where he had undergone basic regular Army training and airborne training, and learned to operate weaponry, including hand grenades. Prior to this accident, he had run this chainsaw himself for about five minutes, cutting through a telephone pole on the ground. He knew a chainsaw was a dangerous instrument and that "[y]ou could be killed with it. . . . [I]f somebody were to come after you with it and they cut you with it, it'd kill you." However, he had "never thought about" causing injury in the way this injury occurred. He was assisting his father cut down a tree on his mother's property. Appellant's father was an experienced pulpwooder and logger. After they had cut and loaded the branches and debris, his father told his mother, the appellee, to keep everyone away from where he was cutting down the tree. Appellant did not hear this instruction. He went into the house with his mother and expressed his intention to leave and haul off the limbs and debris in his truck; the appellee said: "Well, Obie, why don't you help your daddy with the tree. . . . Just finish helping him before you leave here." Appellant then went out and moved his truck for fear the falling tree would hit it, and he went back to where the tree was being cut down. He approached his father from behind, and at that moment the chainsaw "kicked back" and struck him.

The trial court granted the appellee's motion for summary judgment, and appellant appeals. *Held:*

Assuming arguendo that the appellant was an invitee to whom the appellee landowner owed the duty to exercise ordinary care, or a licensee of whose presence the appellee was aware (*Barry v. Cantrell,* 150 Ga. App. 439, 440-441 (258 SE2d 61)); and even assuming the appellee, as wife of a logger and as having been told to keep everyone