182 Ga. App. 721 (1987)
356 S.E.2d 754
IN RE J. S. C.
73610.
Court of Appeals of Georgia.
Decided April 28, 1987.
Robert A. Kunz, for appellant.
Frank C. Winn, District Attorney, John T. Garcia, Assistant District Attorney, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David T. Emerson, Martha Mullins, Leah S. Brumbelow, for appellee.
BEASLEY, Judge.
This is an appeal by the natural father from an order terminating his parental rights in his minor daughter. The termination proceeding was instituted by Emerson who was the court-appointed guardian ad litem in a prior deprivation action regarding the same child. At the *722 time of filing the termination petition, the deprivation action was pending as well as criminal charges against the father, appellant Cranford, for the shooting of the daughter. During adjournment of the termination proceedings, Cranford was convicted of the aggravated assault.
At the start of the termination hearing, the father's counsel moved for appointment of a guardian ad litem other than Emerson for that proceeding. The basis was that, by virtue of Emerson's filing of the petition for termination, he became a party to the action and thus under OCGA § 15-11-55 could not also be appointed as the child's guardian ad litem but shortly thereafter vacated the appointment and ordered that Emerson would be guardian ad litem as well as counsel for the child, in the termination action.
The termination proceedings were concluded and the juvenile court issued an order finding clear and convincing evidence that the child was deprived, that the deprivation would continue, that the child would suffer and did in fact suffer serious and permanent physical, mental, and emotional harm as a result of the deprivation, particularly in relation to the father's conduct, and that the deprivation would not abate unless contact with the father was permanently discontinued and his parental rights terminated. Accordingly, the court terminated all of Cranford's rights and obligations with respect to his daughter.
The errors claimed are: overruling, in effect, Cranford's motion for appointment of a guardian ad litem contrary to OCGA § 15-11-55; finding petitioner had shown by clear and convincing evidence the elements required by OCGA § 15-11-51 (a) (2); failing to make explicit findings of fact regarding the elements of OCGA § 15-11-51 (a) (2); overruling Cranford's objection to the admission of copies of certain documentary evidence contrary to OCGA § 24-5-2; and terminating his parental rights on insufficient evidence.
1. Did the juvenile court err in appointing the petitioner in the termination actions as the guardian ad litem in the same proceeding?
Under OCGA § 15-11-55, the court must "appoint a guardian ad litem for a child who is a party to the proceeding if he has no parent, guardian, or custodian appearing on his behalf or if their interests conflict with his or in any other case in which the interests of the child require a guardian. A party to the proceeding or his employee or representative shall not be appointed."
Appellant submits that by filing the termination petition as the child's previously appointed guardian ad litem in the deprivation action, Emerson placed himself in a position directly opposite to a stated purpose in the juvenile court code as expressed in OCGA § 15-11-1 (2), namely the preference for retaining natural parentage, and *723 that by seeking to terminate his (Cranford's) parental rights as the child's natural father, the petitioner has determined at the onset that the parent/child relationship should cease to exist and which position might or might not be in the child's best interests.
Appellees maintain that Emerson had no personal interest in the outcome of the case so as to be a "party" to the termination proceeding within the meaning of OCGA § 15-11-55, as distinguished from the case when someone with a conflict of interest with the child, such as a parent, relative, or other custodian, is appointed guardian ad litem.
To begin with, the function of a guardian ad litem is to protect the interests of the child in all matters relating to the litigation. Speck v. Speck, 42 Ga. App. 517 (1) (156 SE 706) (1931); see also Ehrhart v. Brooks, 231 Ga. 272, 274 (1) (201 SE2d 464) (1973). Here, the best interests of the child may or may not have been served by termination of the father's rights; that was the primary issue. Emerson, by initiating termination proceedings, had de facto taken the position of advocate for ending the father's parental rights. The fact that Emerson may not have had a personal stake in the outcome, in the sense that he would be personally impacted by the ultimate parental rights decision as opposed to interest by virtue of his role as guardian ad litem in the deprivation action, does not render him less of a party to the suit. If the advocate for termination is permitted to be the advocate for the child, there is nothing for the court to decide, insofar as the third-party child is concerned, for the former has already decided that the best interests of the child will be served by termination. Between the two antagonistic parties is the child, who as we read OCGA § 15-11-55 must have a separate representative.
"`(A) reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law.' [Cits.]" In re L. L. B., 256 Ga. 768 (353 SE2d 507) (1987).
While there has been no substantive change in OCGA § 15-11-55 from the time of judgment to the present, "OCGA §§ 15-11-51 through 15-11-54 were repealed by Ga. L. 1986, p. 1017, effective July 1, 1986, which redesignated §§ 15-11-1 through 15-11-65 as Article 1 of Chapter 11 of Title 15, and added §§ 15-11-80 through 15-11-92 in a new Article 2. The termination of parental rights [is] now dealt with in Article 2, which has made several important changes in the previous law. For example, OCGA § 15-11-85 (a) now requires the appointment of an attorney to represent the child as his counsel in every *724 termination proceeding." In re L. L. B., supra. Such a provision reaffirms the legislative intent that the child's interests be independently represented.
The court's appointment in this case of an interested party as the child's guardian ad litem conflicts with this legislative aim of safeguarding a child's interests by providing the child with representation separate from any other interest in the litigation. The advocate for the termination is not a proper guardian ad litem.
We cannot hold as a matter of law that such error was harmless, in light of the ultimate decision to terminate the father's parental rights. Therefore, the judgment of the juvenile court to terminate appellant's parental rights must be vacated with direction that on remand the court retry the issue of the termination with the appointment of a statutorily-appropriate guardian ad litem for the minor child, and in compliance with the present statutory scheme for such termination proceedings. See In re L. L. B., supra.
2. Appellant's remaining enumerations of error are rendered moot.
Judgment vacated and case remanded with direction. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.