466

*Assistant Solicitors*, for appellee.

77215. In re J. D. H.
(373 SE2d 279)

Deen, Presiding Judge.

In the case *sub judice* parental rights were terminated following trial of the case in response to a petition filed in April 1987 by the Department of Family and Children's Services (DFCS). The mother appeals from this judgment, enumerating as error the trial court's failure to appoint an attorney to represent the child's interests; the trial court's alleged failure to apply the "clear and convincing evidence" standard in finding that the child was deprived as defined by OCGA § 15-11-2 (8) (a); and the trial court's further failure to meet the "clear and convincing" standard in finding that such deprivation was likely to continue, absent judicial intervention. *Held*:

1. OCGA § 15-11-85 (a), effective January 1, 1986, requires, in pertinent part, that "[i]n any proceeding for terminating parental rights or any rehearing or appeal thereon, the court *shall* appoint an attorney to represent the child as his counsel. . . ." (Emphasis supplied.) The Supreme Court held in *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987), that this statute requires that in any case involving termination of parental rights in which no attorney was appointed by the trial court to represent the interests of the child, the judgment must be vacated and the case remanded to the juvenile court for retrial under the provisions of OCGA § 15-11-80 et seq. Accord *In the Interest of D. B.*, 187 Ga. App. 66 (369 SE2d 498) (1988); *In re J. S. C.*, 182 Ga. App. 721 (356 SE2d 754) (1987). The record in the instant case shows that no attorney was appointed to represent the interests of the child, and the judgment below must therefore be vacated and the case remanded for retrial.

2. Because the case must be remanded for retrial, we need not address appellant's remaining enumerations.

*Judgment vacated and case remanded with direction. Carley and Sognier, JJ., concur.*

Decided September 20, 1988.

Kenneth R. Carswell, for appellant.

Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, for appellee.