A90A2223. DEPARTMENT OF HUMAN RESOURCES v. PRINCE.
(401 SE2d 342)

POPE, Judge.

Appellant, the Georgia Department of Human Resources (DHR), brought a petition under the Child Support Recovery Act (CSRA), OCGA § 19-11-1 et seq., to recover unreimbursed public assistance benefits paid by Aid to Families with Dependent Children (AFDC) on behalf of the two minor sons of appellee Rickey L. Prince. Prince's wife and mother of the children is deceased and, pursuant to a cus-

tody agreement between Prince and the children's maternal grandmother, the children reside with her. The custody agreement further provided that the children were receiving Social Security benefits as dependents of the deceased mother, and that they "shall continue to be entitled to those Social Security benefit monies which are as child support. . . ." The grandmother received $788 in AFDC benefits for the children's support over and above the Social Security payments. The trial court found that under the custody agreement Prince was relieved of any obligation to reimburse DHR for any AFDC benefits paid to his children, and denied relief. DHR brings this direct appeal from that order. We reverse.

1. Prince has filed a motion to dismiss the appeal, alleging that under OCGA § 5-6-35 (a) (6) and *Department of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845) (1985), an application for appeal is required and thus this direct appeal is improper. According to *Johnson*, "this type of case is one seeking collection of a debt and requiring discretionary appeal procedures only where the judgment is $2,500 or less, pursuant to OCGA § 5-6-35 (a) (6)." Id. at 611-612. In *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986), the Supreme Court established that "OCGA § 5-6-35 (a) (6) sets out the proper method of appeal from monetary judgments ranging from one cent to $2,500." As explained by this court in *Whitley v. Bank South*, 185 Ga. App. 896, 897 (1) (366 SE2d 182) (1988), the discretionary appeal procedure "is applicable only where the appellant is seeking to appeal a money judgment for an amount ranging from 1 [cent] through $2,500, and not, as in this case, where the appellant has sought a money judgment but has obtained no recovery whatever." Accordingly, jurisdiction is appropriate in this direct appeal and the motion to dismiss is denied.

2. DHR contends that the trial court erred in interpreting the custody agreement to preclude a recovery of public assistance reimbursement. Prince argues that the ruling was correct because our Supreme Court has held that a parent is entitled to receive credit towards his child support obligation for Social Security benefits paid on his behalf. *Perteet v. Sumner*, 246 Ga. 182 (269 SE2d 453) (1980); *Horton v. Horton*, 219 Ga. 177 (132 SE2d 200) (1963). However, both *Perteet* and *Horton* are distinguishable from the present case.

In both of those cases, the court permitted the father to credit *his* Social Security disability benefits, which were received by the mother for the benefit of the children, toward his obligation under the alimony decree. In the instant case, the children receive survivor's benefits on behalf of the deceased mother, not the appellee father. As to these benefits, the father " 'is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children . . . .' " *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810

(366 SE2d 167) (1988). Since Prince gave up nothing, he should receive no credit for allowing the children the continued use of these funds under the custody agreement. By crediting him with the benefits attributable to the deceased mother, the trial court has allowed the father to waive his joint and several obligation to support the children under OCGA § 19-7-2, and to contribute nothing toward their well-being. Cf. *International Indem. Co. v. Collins*, 258 Ga. 236 (1) (367 SE2d 786) (1988).

Nor can the grandmother agree to waive the children's rights to the funds or the father's duty to support them, just as their mother could not if she were alive. "One parent cannot contract away the right of a child to be supported by the other parent, and such a provision . . . waiving a child's right to support is void. [Cits.]" *Collins v. Collins*, 172 Ga. App. 748, 749 (324 SE2d 475) (1984). "Child support is the right of the child and not of its custodian; '(n)either the wife nor the civil courts can take away this right that inheres expressly in the children.' [Cit.] The conduct of the custodian cannot deprive the child of this right to support, any more than the custodian can waive it for the child or contract it away. [Cits.]" *Stewart v. Stewart*, 160 Ga. App. 463-464 (287 SE2d 378) (1981). See generally *Brooks v. Carson*, 194 Ga. App. 365 (2) (390 SE2d 859) (1990).

The purpose of the CSRA is " 'to provide that public assistance to needy children is a *supplement*' to the parental contribution, and 'to provide for the enforcement of an *able* parent's obligation to furnish support.' OCGA § 19-11-2 (a)." *Cox v. Dept. of Human Resources*, 255 Ga. 6, 7 (334 SE2d 683) (1985). Prince should not be permitted to benefit from the trial court's failure to inquire into the adequacy of the children's support. Obviously the Social Security benefits the children were receiving were insufficient to support them fully since they had to meet the definition of dependent children in order to receive the AFDC benefits. OCGA § 49-4-101 (2).

" '[M]inor children are entitled to support during their minority commensurate with their proven customary needs, limited only by the financial ability of the parent against whom the support is sought to provide for them; they are not merely entitled to subsistence.' (Footnotes omitted.) [Cit.]" *Conley v. Conley*, 259 Ga. 68, 70 (5) (377 SE2d 663) (1989). Since it was necessary for DHR to provide public assistance to the children in lieu of Prince's support, it had the right to seek reimbursement therefor. "The state has a real interest in recovering payments which would not have been made had the responsible parent lived up to his duty, and the purpose of [OCGA §§ 19-11-6 through 19-11-8] is to secure that reimbursement. To the extent that the state paid public assistance on behalf of a child which would not have been made had the responsible parent [made] support payments, the state is entitled under the assignment provided for in

[OCGA § 19-11-6] to be reimbursed for its excess payments. . . ." *Department of Human Resources v. Bagley*, 240 Ga. 306, 307 (240 SE2d 867) (1977).

Accordingly, we conclude that the trial court erred in ruling that the custody agreement relieved Prince of any obligation to reimburse DHR for the AFDC payments made on behalf of his children.

*Judgment reversed. Motion to dismiss denied. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 10, 1991.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellant.

*Edwards & Krontz, J. Steven Dominy, Jennifer McLeod*, for appellee.

