A92A0839. DEPARTMENT OF HUMAN RESOURCES
v. AMMONS.
(426 SE2d 901)

CARLEY, Presiding Judge.

In 1979, a juvenile court ordered the termination of appellee-defendant's parental rights as to his daughter. Subsequently, appellant-plaintiff Georgia Department of Human Resources (DHR) provided public assistance benefits to the child. Pursuant to OCGA § 19-11-1 et seq., DHR brought the instant action, seeking to recover the amount of those benefits from appellee. Appellee answered and raised as a defense the previous judicial termination of his parental rights. After conducting a hearing, the trial court denied DHR's claim and it appeals.

1. The termination of appellee's parental rights would not terminate the parent-child relationship itself and would not affect any rights and obligations as between a third party and the child, in her capacity as appellee's daughter. *Menard v. Fairchild*, 254 Ga. 275, 277 (1) (328 SE2d 721) (1985). It would, however, terminate "all [appellee's] rights and obligations with respect to the child and all rights and obligations of the child to [appellee] arising from the parental relationship. . . ." OCGA § 15-11-80. Support is an obligation appel-

lee would owe to his child and a right of the child arising from the parental relationship. Accordingly, that obligation on the part of appellee and right in behalf of his child were extinguished by the termination order, as surely as if the child had been adopted. The parent-child relationship remains intact, but the obligation and right of support which is otherwise predicated on that relationship has been terminated.

It is immaterial that it is DHR, rather than appellee's child, that seeks to enforce appellee's obligation of support. "The payment of public assistance to or on behalf of a child creates a debt due and owing the state by *the parent . . . responsible for the support of the child.*" (Emphasis supplied.) OCGA § 19-11-5. As the result of the termination order, appellee is not a parent who is responsible for the support of his child. "Whenever any dependent minor child is receiving public assistance, [DHR] may recover any sum of money *due the dependent child.* The action shall be brought in the name of the child for the use of [DHR]." (Emphasis supplied.) OCGA § 19-11-7 (a). As the result of the termination order, appellee's child is owed no support from appellee. It is, therefore, clear that if the child has no claim for support, neither does DHR.

2. DHR urges that the termination order is void and should, therefore, constitute no bar to its claim. See OCGA § 9-11-60 (a). "A judgment is void on its face when 'there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed.' [Cit.]" *Lawing v. Erwin*, 251 Ga. 134, 135 (303 SE2d 444) (1983).

Contrary to DHR's contentions, this is *not* a case wherein appellee "contracted" with the child's mother in an attempt to *retain* his parental rights while foregoing his parental *financial* responsibilities. Compare *Department of Human Resources v. Prince*, 198 Ga. App. 329, 330 (2) (401 SE2d 342) (1991); *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984); *Crumb v. Gordon*, 157 Ga. App. 839, 841 (2) (278 SE2d 725) (1981). It *is* a case wherein appellee's parental rights were *terminated* by court order and, pursuant to OCGA § 15-11-80, the legal effect of that court order was to terminate "*all* [appellee's] rights and obligations with respect to the child. . . ." (Emphasis supplied.) The termination proceeding was *not* instituted by appellee, but by the child's mother. The termination order discloses that, pursuant to OCGA § 15-11-81 (b) (1), it was *validly* based upon appellee's written *consent* to the termination petition that had been filed by the child's mother. Compare *In re K. L. S.*, 180 Ga. App. 688 (350 SE2d 50) (1986). To hold, as DHR suggests, that the instant termination order is void would be to hold that OCGA § 15-11-81 (b) (1) has *no* effect and that *any and all* termination orders based upon the

written consent of the parent are void. We cannot declare OCGA § 15-11-81 (b) (1) unconstitutional and we cannot ignore its clear mandate. A *termination* order based upon the written *consent* of the parent does *not* evince a "non-amendable defect," because such an order is specifically *authorized* by OCGA § 15-11-81 (b) (1). Compare *Department of Human Resources v. Prince*, supra; *In re K. L. S.*, supra; *Collins v. Collins*, supra; *Crumb v. Gordon*, supra. Such an order is *not* rendered void simply because its *legal effect* is to terminate *all* parental rights and obligations, including the obligation to support.

DHR further urges that the termination order is void for lack of representation of appellee's child by a guardian in the termination proceedings. OCGA § 15-11-85 (a) mandates that an *attorney* "shall" be appointed to represent the child in termination proceedings, but it provides only that a *guardian* "may" be appointed. In any event, the provisions of OCGA § 15-11-85 would be applicable *if* the instant case were a *direct* appeal from the *termination* order *itself*. See *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987); *In re J. S. C.*, 182 Ga. App. 721, 722 (1) (356 SE2d 754) (1987). However, the instant case concerns DHR's *collateral* attack upon a termination order that was entered in 1979, some seven years *before* OCGA § 15-11-85 even became effective. Obviously, DHR cites no authority for the proposition that an order entered in 1979 evinces a "non-amendable defect" and is void under OCGA § 9-11-60 (a) because it does not recite adherence to a statutory provision which would not be enacted until some seven years in the *future*.

DHR urges that even under OCGA § 15-11-55, the statute which was applicable in termination proceedings in 1979, appointment of a guardian was mandated. By its terms, however, OCGA § 15-11-55 does *not* specifically require the appointment of a guardian in *every* termination case. Compare *Lockhart v. Stancil*, 258 Ga. 634 (373 SE2d 355) (1988) (juvenile court jurisdiction over issues of custody and support always dependent upon proper order of transfer from superior court). The termination proceeding at issue in the instant case was bought by the child's *mother*, the natural guardian of the child, and appellee, the other natural guardian of the child, gave his written *consent* to the termination. Under these circumstances, there is considerable doubt whether OCGA § 15-11-55 would have any applicability whatsoever. Cf. *Jordan v. Goff*, 160 Ga. App. 636 (1) (287 SE2d 640) (1981) (no appointment of guardian necessary in non-termination case where the child is represented by his natural guardian). Compare *In re J. S. C.*, supra at 723 (1) (wherein the child *already* had an appointed guardian, the termination proceeding was *not* brought by the child's mother, the child's father *opposed* the termination and, as "[b]etween the two antagonistic parties," the child had no one who represented her interests). In any event, the lack of repre-

sentation of appellee's child by a guardian in the termination proceeding does *not* appear on the face of the record or pleadings. Moreover, even if the lack of such representation did appear on the face of the record or pleadings, the termination order would not be void and subject to DHR's collateral attack in the instant proceeding. 43 C.J.S. Infants, § 224.

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Beasley, Andrews and Johnson, JJ., concur. McMurray, P. J., Pope and Cooper, JJ., dissent.*

POPE, Judge, dissenting.

I dissent. This court previously has held that a parent should not be able to avoid support obligations to a minor child by voluntary agreement with the other parent or custodian of the child, see *Department of Human Resources v. Prince*, 198 Ga. App. 329, 331 (401 SE2d 342) (1991); *Collins v. Collins*, 172 Ga. App. 748, 749 (324 SE2d 475) (1984); *Crumb v. Gordon*, 157 Ga. App. 839, 841 (2) (278 SE2d 725) (1981); or by relinquishing parental rights, see *In re K. L. S.*, 180 Ga. App. 688 (350 SE2d 50) (1986). The mother filed the petition to terminate the parental rights of appellee based on a "contract" signed by him in which he voluntarily relinquished his parental rights. In its order, the juvenile court stated as its sole basis for the termination of appellee's parental rights that he had consented to the termination. Although the court was authorized to terminate the parental rights of a parent based on written consent of that parent acknowledged before the court, OCGA § 15-11-51 (a) (3) repealed by Ga. L. 1986, p. 1017, effective July 1, 1986, and recodified at OCGA § 15-11-81 (b) (1), this court has held "that the statutory authority of the juvenile court to entertain petitions to terminate parental rights does not extend to petitions by parents seeking judicial imprimatur of their own, voluntary abandonment of parental responsibility." *In re K. L. S.*, 180 Ga. App. at 689. Although the termination petition in this case was not brought by the "consenting" parent, as was the situation in *In re K. L. S.*, the only basis shown for the petition brought by the mother was the father's consent. It is thus plain that the father was not "consenting" to the termination, rather he was providing the basis for the termination by consenting thereto prior to the action by the mother in filing the petition. Consequently, the natural parents of the minor child in this case, because they acted in concert, accomplished by way of termination proceedings what they could not do by contract or divorce decree, to wit, eliminated the father's obligation to support his minor child. Consequently, I believe the order terminating the appellee's parental rights was void, see OCGA § 9-11-60 (a), and the lower court should have so found in the present proceedings. Accord *Collins v. Collins*, supra.

I also believe the juvenile court's failure to appoint a guardian ad litem to represent the interest of the child during the original termination proceedings requires that the termination order be set aside. At the time the termination petition was filed by the mother in this case the juvenile court was required to appoint a guardian ad litem "where the interests of parent and child conflict," *Dawley v. Butts County Dept. of Family &c. Svcs.*, 148 Ga. App. 815, 816 (253 SE2d 235) (1979). In my opinion a conflict between the interest of the parent and child is shown as a matter of law where, as here, one parent has petitioned to terminate the parental rights of the other natural parent. "Here, the best interests of the child may or may not have been served by termination of the father's rights; that was the primary issue. [The child's mother], by initiating termination proceedings, had de facto taken the position of advocate for ending the father's parental rights. . . . If the advocate for termination is permitted to be the advocate for the child, there is nothing for the court to decide, insofar as the third-party child is concerned, for the former has already decided that the best interests of the child will be served by termination. Between the two antagonistic parties is the child, who as we read OCGA § 15-11-55 must have a separate representative." *In re J. S. C.*, 182 Ga. App. 721, 723 (356 SE2d 754) (1987).

Furthermore, OCGA § 15-11-85 (a), effective July 1, 1986, provides that an attorney must be appointed to represent the child as his counsel in all termination proceedings and Rule 11.8 of the Uniform Juvenile Court Rules requires the juvenile court to appoint a guardian ad litem to represent the interests of the child in all such proceedings. " '(A) reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law.' [Cits.]" *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987). See also *In re J. S. C.*, 182 Ga. App. at 723. In *In re L. L. B.*, our Supreme Court held that the provisions pertaining to termination proceedings which became effective July 1, 1986, including the provision requiring appointment of an attorney to represent the child, could be applied to termination proceedings which were originally brought and decided under the prior law. In any event, under either the then-existing law or the present statutory scheme the child's interests should have been represented; consequently, I believe the prior termination order was void and should not bar the recovery of the benefits paid on the child's behalf.

I am authorized to state that Presiding Judge McMurray and

810

Judge Cooper join in this dissent.

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, for appellant.

McDonald, Kinnamon & Thames, E. Crawford McDonald, for appellee.