A99A0456. DEPARTMENT OF HUMAN RESOURCES v. SMITH.
(517 SE2d 111)

McMURRAY, Presiding Judge.

This is an action filed pursuant to OCGA § 19-11-23 for recovery of child support from defendant Smith based on allegations that plaintiff Georgia Department of Human Resources has provided support in the form of Aid to Families with Dependent Children to a minor child. The superior court entered an order denying the requested child support, and this Court granted plaintiff permission to file this appeal. *Held*:

While the superior court's order recites that "the facts hav[e] been stipulated, . . ." the record contains nothing clearly identified as the referenced stipulation. Nonetheless, some facts of the case are apparent as admitted via pleadings, discussed during argument of counsel, and stated in the superior court's order. These sources show that Steven Cecil Smith and Connie S. Smith were formerly married and during that marriage had one child, who via the divorce decree was placed in the custody of the defendant father while the mother was forgiven any obligation to pay child support. Subsequent to the divorce, the parents renewed cohabitation and a second child was born, who has remained with the mother. According to an oral agreement between the parties which was not approved by any Court, each

parent was to satisfy the needs of the child in their respective possession and neither party was to pay support to the other.

The superior court's order provides that the defendant father shall not be required to make child support payments with respect to the younger child so long as he has a legal obligation for the support of the older child. After hearing the argument of counsel, the superior court stated that "[m]y ruling is I'm not ordering him to pay any child support for this child you're wanting support for because he's supporting one child solely without any assistance from the mother." However, the written order contains no reference to this basis for decision but does suggest, without ruling upon the issue, that upon emancipation of the older child it may be appropriate to impose upon the defendant father a child support obligation for the younger child.

The matter has apparently come to the attention of the authorities because the mother together with the second child has received public assistance which creates a debt in favor of the State pursuant to OCGA § 19-11-5, a debt which may be enforced against a non-custodial parent. Nonetheless, plaintiff has acknowledged that the defendant father never received any official notification that the mother was receiving public assistance and consequently does not seek reimbursement for past money received by the mother. Whether the mother continued receiving public assistance is not shown by the record on appeal; the argument of plaintiff's counsel suggests that she has, while defense counsel states in argument before the superior court that the mother's eligibility for public assistance had been terminated by administrative process.

The plaintiff has the right and duty to collect child support and reimbursement from the non-custodial parent for public assistance payments made to the mother on a child's behalf, and, since one parent cannot contract away the right of a child to be supported by the other parent, this process may not be compromised by any agreement between the parents. *Dept. of Human Resources v. Woodruff*, 234 Ga. App. 513 (507 SE2d 249); *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475). Plaintiff's enumerations of error maintain that the superior court has failed to respect these principles, improperly allowed an agreement of the parents to interfere with attempts to obtain reimbursement of AFDC payments, and thereby defeated the purposes underlying Title IV-D of the Federal Social Security Act. However, only one of the points raised by plaintiff is supported by the record on appeal which fails to show any meritorious claim for reimbursement of past or future expenditures of public funds and also fails to show that the custodial mother supports the plaintiff's claim.

"[A] custodial parent who has received [or continues to receive] public assistance benefits from the state can[not] prevent the state from exercising its statutory right to obtain reimbursement from the

non-custodial parent." *Dept. of Human Resources v. Woodruff*, 234 Ga. App. at 515 (1), supra. However, this construction of the statutory scheme provided by OCGA § 19-11-6 (a) for recovery of public funds may not be applicable in the present case since plaintiff has expressly waived any right to recover public assistance paid in the past and there is no evidence of any continuing payments.

Furthermore, we note OCGA § 19-11-6 (b) which provides for the continued collection of child support by plaintiff on behalf of a past recipient of child support, but are unable to determine the correct application of this statute due to the incomplete record on appeal. During the argument of counsel, defense counsel questioned whether the custodial mother was actually entitled to public assistance and, on appeal, raises questions with respect to the State's entitlement to recover from the non-custodial parent where, for example, the custodial parent fraudulently obtains public assistance. These issues were not addressed in the superior court's order.

The superior court order is not clear as to whether it seeks to enforce the agreement between the parents, a solution which contravenes the previous appellate decisions cited in this opinion. However, the superior court's order does contain specific reference to the agreement of the parties while nothing in the order suggests that the superior court has determined defendant's current child support obligation for the younger child to be zero by consideration of circumstances, such as defendant's past and continuing obligation to support the former couple's older child, which are independent of the parents' agreement. Therefore, we construe the superior court's order as being predicated upon the void agreement between the parents and vacate the judgment. The case must be remanded for a decision consistent with the prior appellate decisions cited in this opinion and with due regard for the younger child's right to the support of both parents.

*Judgment vacated and case remanded with direction. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 4, 1999.

*Thurbert E. Baker*, Attorney General, *Dennis R. Dunn*, Deputy Attorney General, *William C. Joy*, Senior Assistant Attorney General, *Katherine S. Davis*, Assistant Attorney General, for appellant.
*Martin L. Fierman*, for appellee.