A92A0646. IN THE INTEREST OF C. G. A. et al., children.
(418 SE2d 779)

JOHNSON, Judge.

This appeal is by a father from an order of the juvenile court terminating his parental rights. The case was decided below by a superior court judge sitting as the juvenile court of Charlton County. The children's natural mother, whose parental rights were terminated in the same order, does not join this appeal. We affirm.

1. The father contends that the juvenile court erred in terminating his parental rights based on his failure to pay support. This enumeration is without merit.

OCGA § 15-11-81 (b) (4) (C) (ii) provides that the juvenile court, when deciding whether to terminate parental rights, shall consider "whether the parent without justifiable cause has failed significantly

for a period of one year or longer prior to filing of the petition for termination of parental rights . . . to provide for the care and support of the child as required by law or judicial decree." All parents are required by law to support their minor children. OCGA § 19-7-2. The father admitted that he failed to pay child support for over a year; he did not offer any justifiable cause or other satisfactory explanation for his failure to provide financial support for his children. The juvenile court was well within its discretion to give great weight to the father's failure to provide support in its decision to terminate his parental rights.

2. The father asserts that the juvenile court erred in terminating his parental rights on the basis that his parental misconduct or his inability to support them resulted in deprivation.

The record establishes facts sufficient for the trial court to find by clear and convincing evidence that the subject children are "deprived" as defined in OCGA § 15-11-2. The parents caused and sustained the deprivation of the children. The father is an admitted unrehabilitated alcohol abuser who lives in a two-bedroom trailer with his girl friend and her two children by a former relationship. He admits that he had not paid child support for his children, who were in the Department's custody, since November of 1988. The children's natural mother abandoned the children more than two years prior to the termination hearing and her whereabouts are unknown.

There was ample testimony that the deprivation of the children would be likely to continue if parental rights were not terminated. The father had not responded to the alcohol treatment which was provided to him. He was shown to be likely to have a "continuous problem with alcohol." Furthermore, no progress had been observed in the father's parenting skills, and the evidence showed that improvement in his parenting skills is unlikely.

"The determination of deprivation and the decision to terminate parental rights based thereon is an exercise of discretion by the trial court and if based upon evidence, will not be controlled by [a reviewing] court. [Cits.]" *Roberts v. State of Ga.*, 141 Ga. App. 268, 270 (233 SE2d 224) (1977).

3. The father contends that the juvenile court erred in terminating his parental rights because the Department failed to comply with a prior order of the court which he contends required the Department to monitor the father's parenting skills.

The order referred to was entered May 28, 1991. It was not made a part of the record for our review. Nevertheless, there is evidence of its terms in the transcript. The father claims that the Department did not comply with the order, which required them to monitor the father's parenting skills, income, and marital status for the children's possible re-placement with him. However, there was evidence which

established that the Department did comply with the order. The Department tried to contact the father several times by telephone to inform him of panel reviews, but they were unable to monitor his lifestyle because he had moved his trailer home and could not be located. His failure to cooperate was the cause of any deficiency which might have been shown in the Department's monitoring effort. Furthermore, this matter was brought to the trial court's attention. The trial court apparently concluded that its order had not been violated or that if it had been it was not relevant to its decision on the merits.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

### DECIDED MAY 5, 1992.

*McGee & McGee, J. B. McGee, Jr.*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney*, for appellee.