A97A0604. IN THE INTEREST OF S. J. M., a child.
(484 SE2d 764)

BLACKBURN, Judge.

The mother of S. J. M. appeals the juvenile court's termination of her parental rights. She alleges that the juvenile court improperly terminated her rights to S. J. M. because she was not personally served with a copy of the summons prior to the termination hearing. We find no error and affirm the juvenile court's order.

On April 9, 1996, a petition for termination of the mother's rights to S. J. M. was filed in the juvenile court of Laurens County, based upon a prior finding that S. J. M. was deprived. The termination hearing was scheduled for April 30. On April 29, the mother was personally served with a copy of the summons and petition. Due to the short notice, the court continued the April 30 hearing to June 11. On

May 2, a second summons and petition, including notice of the June 11 hearing date, were personally served on the mother.

Although there is no transcript of the June 11 proceedings, the record indicates that the mother appeared at this hearing and requested that counsel be appointed to represent her. In response to this request, the court appointed counsel for the mother, and continued the hearing until July 11 to give her time to consult with her attorney. On July 8, service of a third summons and petition including notice of the July 11 hearing date was attempted, but because the mother had moved, a return of no service was filed. The mother did not appear for the termination proceedings on July 11, and did not contact her attorney regarding the proceedings. Her attorney appeared, informed the court that he was unable to reach the mother, and requested a continuance. This request was denied, and the hearing proceeded. The mother's attorney participated in the hearing on her behalf, and following the hearing, the court entered the termination order from which the mother now appeals.

Service of process in a proceeding for the termination of parental rights is governed by OCGA § 15-11-83, and to the extent that they do not conflict with that section, also by OCGA §§ 15-11-26 and 15-11-27. See OCGA § 15-11-91. Pursuant to OCGA § 15-11-83, once the petition for termination of parental rights is filed, the parent is entitled to service, in accordance with OCGA § 9-11-4, of the summons and a copy of the petition. Service must be made at least 30 days before the time set for the hearing.[1]

In this case, the mother was twice personally served with a summons and a copy of the petition. Both the April 29 service and the May 2 service were effected well over 30 days before the June and July hearings, and the mother therefore received effective notice under the statute. The fact that she did not receive a third summons containing notice of the July 11 termination hearing 30 days before that hearing is of no consequence on the facts of this case. "Nowhere in OCGA § 15-11-83 is it required that the summons contain a fixed date [for the final termination hearing]." *In the Interest of W. R. S.,* 213 Ga. App. 616, 618 (1) (445 SE2d 367) (1994). Inasmuch as the summons need not contain a hearing date at all, the April and May summonses were therefore sufficient, regardless of the fact that the termination hearing was not held until July 11. Additionally, once counsel was appointed for the mother pursuant to her June 11 request, it was her responsibility to maintain contact with her attor-

---

[1] The statute also requires that the summons "contain a statement to the effect that the hearing is for the purpose of terminating parental rights." OCGA § 15-11-83 (b). The summonses which were issued in this case do not appear to contain that language, but as the mother has not enumerated this issue as error, we need not consider it.

ney in order to protect her rights.

Furthermore, by failing to raise the issue at the termination hearing, the mother waived the issue of insufficiency of process or service of process. Her attorney appeared at the hearing on her behalf, but at no time did he raise this issue. The mother's contentions are accordingly without merit, and the order of the juvenile court terminating the mother's parental rights to S. J. M. is affirmed.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 25, 1997.

*Carlton K. Nelson III*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Thompson, Thompson & Hilbun, Samuel A. Hilbun*, for appellee.