A97A1358. IN THE INTEREST OF S. A. W., a child.
(491 SE2d 441)

JOHNSON, Judge.

In this deprivation case, we must decide whether an order of the juvenile court authorizing the Gwinnett County Department of Family & Children Services ("DFACS") to discontinue efforts to reunite S. A. W. and her mother is a final judgment subject to direct appeal and, if so, whether the juvenile court erred in determining that reunification services need no longer be provided. For the reasons that follow, we hold that the order is appealable as a final judgment and that the juvenile court's decision is supported by clear and convincing evidence.

The relevant facts are as follows: S. A. W. was temporarily removed from her mother's custody and placed in the custody of DFACS a few days after she was born, when both mother and infant tested positive for cocaine use. A month later, on November 22, 1994, the juvenile court entered a final order in which it found, among other things, that the child, who was going through cocaine withdrawal, was deprived within the meaning of OCGA § 15-11-2 (8) and in need of the court's protection; that remaining in the mother's home would be contrary to the child's welfare; that reasonable efforts have been made to prevent removal from the home and to allow the child to return to the home; and that the best interests of the child would be served by placing temporary custody with DFACS. See OCGA §§ 15-11-41 (b); 15-11-34 (a) (2). The court ordered the mother to participate in a drug treatment program, attend parenting classes, visit the child, and participate in random drug screens as ordered by DFACS.

In September 1995, a citizen's review panel reviewed the case and issued a report recommending that DFACS seek termination of the mother's parental rights. See OCGA §§ 15-11-41 (c); 15-11-81. In October 1995, the juvenile court conducted a hearing to review the panel's report. See OCGA § 15-11-41 (f). The juvenile court disagreed with the panel's recommendation, opting instead to give the mother another opportunity for reunification. In its order, the court required the mother to pay child support every two weeks, submit to at least one random drug test each month, and attend three Narcotics Anonymous meetings each week; the mother was required to provide DFACS with written verification of her attendance. The order also required the mother to cooperate fully with DFACS. It specified that non-compliance with any of these conditions constituted grounds for DFACS to reinstate the goal of termination of parental rights in the case plan.

In April 1996, the juvenile court again reviewed the case. Finding that the mother was making progress, the court extended the October 1995 order until April 1998 so that the objectives of that order could be accomplished. The court added a requirement that the mother obtain and maintain stable employment and living arrangements.

DFACS filed a motion in October 1996 seeking review of the case plan, claiming the child was exhibiting behavioral problems after visiting with the mother and alleging that the mother was not complying with the court-ordered case plan. DFACS sought a determination from the juvenile court that reunification was no longer an appropriate goal in this case.

After conducting the review hearing, the juvenile court entered an order in which it found, pursuant to OCGA § 15-11-41 (b), that reunification of the child with her mother would be contrary to her welfare, reasonable efforts to prevent removal had been made, the mother had not complied with previous orders with sufficient excuse, and any further attempts at reunification would be futile. The court noted that DFACS would be filing a petition to terminate the mother's parental rights and ordered that no further panel review hearings be conducted in the matter. There is no indication in the record that a petition to terminate the mother's parental rights has been filed.

The mother filed this direct appeal and also an application for discretionary appeal from the latest order. In a prior order, we dismissed her application for discretionary appeal because the judgment appealed from is not subject to the discretionary appeal procedure. See OCGA § 5-6-35 (a) (2). Neither party challenges our dismissal of the application for discretionary review. Accordingly, only the direct appeal is now before us.

1. DFACS contends that this appeal must also be dismissed because the order appealed from is not a final judgment and the interlocutory appeal procedures have not been complied with. See OCGA § 5-6-34 (b). DFACS argues that the case is still pending in juvenile court, pointing out that there has been no final decision regarding the mother's parental rights.

The fact that the juvenile court's order does not resolve all issues regarding the mother's parental rights does not mean that the order is not subject to appellate review unless the interlocutory appeal procedure is followed. In *Dawley v. Butts County DFACS*, 148 Ga. App. 815 (1) (253 SE2d 235) (1979), we held that an order of a juvenile court judge finding a child to be deprived and placing him or her in the temporary custody of DFACS is a final order from which a direct appeal will lie. Similarly, in *Sanchez v. Walker County DFACS*, 235 Ga. 817 (221 SE2d 589) (1976), the Supreme Court held that interlocutory appeal procedures are not required for an appeal from a juvenile court order vesting temporary custody of a deprived child with the state. No final decision as to the parent's rights had been made in either of these cases.[1] We find no significant distinction between the types of dispositional orders appealed from in *Dawley* and *Sanchez* and that appealed from in this case. The same statute which authorizes the juvenile court to enter a dispositional order temporarily transferring custody of a deprived child also allows the juvenile court to review that order and order DFACS to devise a new placement plan. OCGA § 15-11-34 (a) (2), (c). A subsequent order of the court finding that reunification is not possible and any further attempts at returning the child to the mother will be futile and disallowing any further panel review hearings in the case should be regarded with the same degree of finality as the placement order it modifies. Therefore, this Court has jurisdiction to consider this direct appeal.

2. The mother argues that reunification efforts should have been continued because, contrary to the juvenile court's findings, she substantially complied with the reunification plan. See OCGA § 15-11-41 (i).

However, at a review hearing held in December 1996, the DFACS caseworker assigned to the case testified that the mother did not obtain drug screens within twenty-four hours of DFACS' requests, did not attend Narcotics Anonymous meetings as scheduled, at times missing meetings for entire months, had not paid child support for nearly three months prior to the hearing, and changed jobs frequently. And though the mother completed a drug and alcohol

---

[1] See also *In the Interest of J. P.*, 267 Ga. 492 (480 SE2d 8) (1997) and *In the Interest of A. L. L.*, 211 Ga. App. 767 (1) (440 SE2d 517) (1994), permitting direct appeals from deprivation orders; note that those cases involve discretionary, rather than interlocutory, appeals.

treatment program, she had not complied with program requirements that she regularly attend meetings afterward.

The mother admitted that she had not paid all court-ordered child support and had not submitted to drug tests within 24 hours as required. She explained that she was unable to comply with either requirement because she did not have enough money to do so. On cross-examination, the mother acknowledged that her counselor told her to set aside $26 for the drug tests so she would have the fee when she needed it and, even though she worked fairly regularly, she was unable to have the $26 fee handy because "[i]t seems like I have to use it." She explained missing some Narcotics Anonymous meetings because of transportation problems, but added that she attended more meetings than her documentation showed, stating she simply lost some of the paperwork. The finding of the juvenile court that the mother unjustifiably failed to comply with plans designed to reunite the family is supported by clear and convincing evidence. See generally *In the Interest of L. S. F.*, 217 Ga. App. 478, 480 (458 SE2d 370) (1995). We note that the juvenile court's finding that reunification efforts would be detrimental to the child was supported by, in addition to the foregoing, evidence that each time the child returned from an unsupervised visit with the mother, she appeared traumatized and for several days thereafter had nightmares, and awoke at night with "blood curdling screams." Accordingly, the criteria of both OCGA § 15-11-41 (i) (1) and (3) were satisfied. See OCGA §§ 15-11-81 (b) (4) (A) (ii); 15-11-81 (b) (4) (C). We find no error in the juvenile court's determination that reunification services should no longer be provided.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 21, 1997.

*Julie B. Prokopovich,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Rich, Smith & McCoy, Michael T. Smith, John L. Welsh II,* for appellee.