A97A1872. IN THE INTEREST OF K. A. C. et al., children.

(493 SE2d 645)

BLACKBURN, Judge.

Curtis A. Crecelius appeals the trial court's termination of his parental rights to his biological children: K. A. C., age four years old, J. W. C., age two and one-half years old, and J. L. C., age two and one-half years old. Crecelius asserts several enumerations of error.

1. In his first enumeration of error, Crecelius contends that the trial court erred in denying his motion to dismiss the termination petition, noting that the only grounds for termination alleged in the petition were parental misconduct and inability based on his failure to communicate with the minor children or provide for their care and support. OCGA § 15-11-81 (b) (4) (C) (i) and (ii) provide that parental failure to provide support and communicate with the children are considered as factors in determining sufficiency of parental misconduct or inability only when such failure is for a year or longer.[1] In the present case, the trial court found that Crecelius paid $200 in child support in February 1996. Less than one year later, the petition for termination of parental rights was filed October 17, 1996. Crecelius argues that because the petition was filed less than one year since his last support payment, the trial court should have dismissed it.

In *In the Interest of B. L.*, 196 Ga. App. 807 (1) (397 SE2d 156) (1990), we addressed an argument similar to Crecelius' but with regard to OCGA § 15-11-81 (b) (4) (C) (iii). That subsection allows the court to consider "whether the parent without justifiable cause has failed significantly for a period of one year or longer prior to the filing of the petition for termination of parental rights: . . . (iii) To comply with a court ordered plan designed to reunite the child with the parent or parents." We determined "[t]he time limitation in OCGA § 15-11-81 (b) (4) (C) clearly is designed to give the parent whose rights are subject to termination sufficient time and opportunity to demonstrate his or her ability to comply with the terms of the court's order." Id. at 808. We held that because the hearing was held over 15 months after the reunification plan was implemented, the intent of the statute was clearly served. Id.

In the present case, although the petition was filed before a year had expired from Crecelius' last communication with his children or payment of support, the hearing was not held until February 18,

---

[1] OCGA § 15-11-81 (b) (4) (C) provides, in pertinent part, "where the child is not in the custody of the parent who is the subject of the proceedings, in determining whether the child is without proper parental care and control, the court shall consider, without being limited to, whether the parent without justifiable cause has failed significantly for a period of one year or longer prior to the filing of the petition for termination of parental rights: (i) To communicate or to make a bona fide attempt to communicate with the child[; and] (ii) To provide for the care and support of the child as required by law or judicial decree."

1997, after the expiration of one year. Therefore, the intent underlying the time limitation in the statute was also clearly served in this case, and Crecelius' first enumeration of error is without merit. See id.; see also *In the Interest of C. D. P.*, 211 Ga. App. 42 (438 SE2d 155) (1993).

2. Crecelius contends that the trial court erred in terminating his parental rights based on his history of drug use and instability of residency, because such factors were not clearly and concisely alleged in the petition for termination. However, Crecelius failed to raise this issue in the trial court, and we will not address an issue raised for the first time on appeal. Cf. *In the Interest of S. J. M.*, 225 Ga. App. 703, 705 (484 SE2d 764) (1997) (appellant waived issue of insufficient service of process by failing to raise it in trial court).

3. In his final enumeration of error, Crecelius contends that the trial court was presented with insufficient evidence for a rational trier of fact to find by clear and convincing evidence that there was a likelihood of future deprivation of, and serious injury to, the children involved herein.

"OCGA § 15-11-81 provides a two-step analysis for determining whether a parent's rights should be terminated. *In the Interest of D. I. W.*, 215 Ga. App. 644, 645 (1) (451 SE2d 804) (1994). First, the court determines whether there is clear and convincing evidence of parental misconduct or that the parent is unable to care for and control the child. Id. Second, the court determines whether termination is in the best interest of the child. Id. In determining whether a parent's misconduct or inability warrants a termination of parental rights, a court must consider whether (1) the child is deprived; (2) the lack of proper parental care or control is the cause of the deprivation; (3) the cause of the deprivation is likely to continue or will not be remedied; and (4) the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child. Id.

"On appeal, we must view the evidence in a light most favorable to the juvenile court's order and determine whether a rational trier of fact could have found by clear and convincing evidence that the parent's rights should have been terminated. *In the Interest of M. N. L.*, 221 Ga. App. 123 (470 SE2d 753) (1996); *In the Interest of D. I. W.*, supra at 645. We do not weigh the evidence and must defer to the trial judge as the factfinder. *In the Interest of A. L. L.*, 211 Ga. App. 767, 769 (5) (440 SE2d 517) (1994)." *In the Interest of J. M. D.*, 221 Ga. App. 556 (472 SE2d 123) (1996).

Viewed in this light, the record shows that on October 26, 1995, the trial court entered an unappealed from order in which it found that the children were deprived. The trial court granted temporary custody to the petitioners in the present case, the children's maternal

grandfather and his wife. In such order, the trial court found that Crecelius had limited contact with the children and had provided little or no support for the minor children since April 1995. The court directed Crecelius to pay child support of $100 per week. The court further directed that Crecelius was required to sustain a period of stability, including consistency in employment, residence, absence of substance abuse, and support and contact with the children, before the court would consider reunification.

On January 26, 1996, the trial court held a hearing in this matter and determined that the children were deprived. The court awarded permanent custody of the children to the petitioners in the present case. The trial court further determined that Crecelius had failed to comply with its temporary order having failed to pay the required child support. The court ordered Crecelius to pay $90 per week in child support and $10 per week on the arrearages incurred. Again, the trial court ruled that Crecelius was required to demonstrate a sustained period of stability prior to the court considering reunification.

At the hearing on the present petition, the undisputed evidence showed Crecelius saw the children only twice for a few hours each visit during the first two weeks in February 1996. Crecelius made only two $100 child support payments in the beginning of February 1996. After that time, the petitioners did not hear from or see Crecelius. Although there was evidence of past drug use, there was no evidence of recent drug use, and Crecelius testified that he had not taken drugs for a year and a half. Dr. Jack Farrar, a licensed clinical psychologist, testified that he believed the children were deprived when in Crecelius' custody and that such deprivation would likely continue if they resided with Crecelius. He based his recommendation on information regarding Crecelius' drug use, his incarceration for DUI, his failure to comply with the probation requirements, his failure to maintain a steady residence, and his failure to support or contact the children. Although Dr. Farrar testified that if Crecelius was rehabilitated his opinion would be different, the credibility of Crecelius' testimony was for the trial court to determine.

Crecelius testified that he resides in a two-bedroom trailer with his fiancee and her two little girls. At the time of the hearing, he had lived at such address for one week. He is self employed as a mason. He estimated that his income for the past year was approximately $14,000. He testified that he had been with his fiancee for almost two years. Crecelius admitted that he did not try very hard to visit with his children and that he did not pay the required child support. He stated that if he had to do it over again he would "make every effort at whatever cost." He stated that he currently has insurance and a valid driver's license. He further stated that he is working hard in his

business. He requested more time to work on his visitation with the children.

We are bound by the trial court's findings that the children are deprived and that such deprivation was caused by Crecelius in its unappealed orders. See *In the Interest of J. M. D.*, supra at 558. We further find that the evidence was sufficient to show that such deprivation was likely to continue. Crecelius admitted that he had not paid child support in a year and that he had not visited with the children. Furthermore, "he did not offer any justifiable cause or other satisfactory explanation for his failure to provide financial support for his children. The juvenile court was well within its discretion to give great weight to the father's failure to provide support in its decision to terminate his parental rights." *In the Interest of C. G. A.*, 204 Ga. App. 174, 175 (1) (418 SE2d 779) (1992). Although Crecelius contends that he has now changed, "judging the credibility of [his] good intentions was a task for the juvenile court. The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact." (Punctuation omitted.) *In the Interest of M. L.*, 227 Ga. App. 114, 117 (2) (488 SE2d 702) (1997).

Under the present circumstances, we must also conclude that there was sufficient evidence to support the trial court's finding that the continued deprivation "is likely to cause serious physical, mental, emotional, or moral harm to the [children]." OCGA § 15-11-81 (b) (4) (A) (iv). "[T]he juvenile court was authorized to consider the children's need for a stable home situation and the detrimental effects of prolonged foster care." *M. L.*, supra at 117 (2). "Deprivation of love and nurture is equally as serious as mental or physical disability." *In re Levi*, 131 Ga. App. 348, 352 (206 SE2d 82) (1974). The juvenile court did not err in terminating Crecelius' parental rights.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1997.

*Martin C. Jones*, for appellant.
*Harrison & Harrison, Stephen P. Harrison, Kelley S. Powell, R. Victor Page, Jr., Sharon S. Whitwell*, for appellee.