A98A1267. IN THE INTEREST OF D. L. N., a child.
(506 SE2d 403)

SMITH, Judge.

This appeal arises out of the juvenile court's termination of John Nealy Nelms's parental rights. Sharon Lea Streetman, the natural mother of D. L. N., filed a petition in juvenile court to terminate Nelms's parental rights, alleging as ground for termination Nelms's failure to provide child support for D. L. N. as required by a divorce decree. Following a hearing, the juvenile court found among other things that D. L. N. was deprived and that the deprivation was likely to continue. Nelms's motion for new trial was denied, and he appeals, contending that the juvenile court did not have jurisdiction over the action and that the evidence did not support the court's finding that D. L. N. was deprived. We find no error and affirm.

1. We first consider Nelms's contention that the juvenile court did not have jurisdiction over this matter. The relevant jurisdictional statute is OCGA § 15-11-5 (a) (2) (C). At the time the juvenile court entered its order, that statute gave juvenile courts exclusive jurisdiction over cases involving "termination of the legal parent-child relationship, other than that in connection with adoption proceedings . . ., in which the superior courts shall have exclusive jurisdiction." Citing *In the Interest of B. G. D.,* 224 Ga. App. 124 (479 SE2d 439) (1996), Nelms argues that this action is one "in connection with" an adoption and that the superior court therefore had exclusive jurisdiction.

We first note that OCGA § 15-11-5 (a) (2) (C) was amended after the juvenile court entered its order. As amended, the statute gives superior courts concurrent jurisdiction over cases "in connection with adoption." Ga. L. 1997, p. 1681, § 1. This Court must apply the law as it exists at the time of our review. *In the Interest of L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987). For that reason, even if this case were "in connection with adoption," the superior court did not have exclusive jurisdiction over it. Second, even if the prior version of the statute were applicable, this case is distinguished from *B. G. D.* In that case, a child placement agency brought an action in juvenile court to terminate the putative father's rights for the purpose of placing the child for adoption. Id. at 125. We concluded that because the purpose of the termination hearing was to facilitate adoption, the proceeding was " 'in connection with' " an adoption, and the superior court had exclusive jurisdiction over the action. Id.

Although Streetman testified on cross-examination that she and her current husband had discussed his adopting D. L. N. and acknowledged that the proceeding would "facilitate" a future adoption, *B. G. D.* is not controlling. It is undisputed that no adoption proceeding was pending when Streetman filed the termination petition and that she had not even contacted an attorney to initiate an adoption action. She also testified that they planned to "wait until about a year or a year and a half" to seek adoption. And on redirect examination, Streetman acknowledged that in addition to bringing the petition to facilitate a future adoption, she filed the proceeding to "extinguish the connection between . . . Nelms and his son who neither of them know each other."

Streetman's contemplation of possible adoption did not automatically render this proceeding one "in connection with" an adoption. Unlike *B. G. D.*, in which the termination petition was clearly filed by an adoption agency for the purpose of placing the child for adoption, the petition here is silent concerning adoption. More importantly, the record supports the conclusion that it was filed for another purpose as well: "extinguishing" Nelms's legal relationship with D. L. N. because Nelms had failed to provide for the child. We conclude that contemplation of future adoption was not "part and parcel" of the proceeding but was simply ancillary to the purpose of terminating Nelms's parental rights. The juvenile court therefore properly exercised its jurisdiction. See generally *In the Interest of C. D. C.*, 230 Ga. App. 237 (1) (495 SE2d 872) (1998) (jurisdiction in juvenile court upheld because no adoption proceeding in progress and action was "merely a termination of parental rights so that . . . the children may be placed for adoption at some time in the future").

2. Nelms also challenges the juvenile court's finding that D. L. N. was deprived. "The determination of deprivation and the decision to

terminate parental rights based thereon is an exercise of discretion by the trial court and[,] if based upon evidence, will not be controlled by a reviewing court." (Citations and punctuation omitted.) *In the Interest of C. G. A.*, 204 Ga. App. 174, 175 (2) (418 SE2d 779) (1992). "On appeal, we must view the evidence in a light most favorable to the juvenile court's order and determine whether a rational trier of fact could have found by clear and convincing evidence that the parent's rights should have been terminated. We do not weigh the evidence and must defer to the trial judge as the factfinder." (Citations and punctuation omitted.) *In the Interest of K. A. C.*, 229 Ga. App. 254, 255 (3) (493 SE2d 645) (1997).

Viewing the evidence in favor of the juvenile court's findings, we find no error. Nelms was required by the settlement agreement incorporated into his 1992 divorce decree to provide child support for D. L. N. in the amount of $60 per week or 17 percent of his weekly salary, whichever was higher. Undisputed evidence was presented that the last child support payment he made was in 1994, about two years before Streetman filed the petition to terminate parental rights. Nelms "did not offer any justifiable cause or other satisfactory explanation for his failure to provide financial support for his [child]. The juvenile court was well within its discretion to give great weight to the father's failure to provide support in its decision to terminate his parental rights." (Citation and punctuation omitted.) *K. A. C.*, supra at 257. Additionally, Nelms had no contact, whether personally, by telephone, or by any form of correspondence, with D. L. N. since the child was 18 months old. D. L. N. was five years old at the time of the hearing. Streetman testified that neither she nor anyone else had kept Nelms from seeing D. L. N. This evidence further supports the juvenile court's finding of deprivation. See generally id. (appellant admitted he had not paid child support in a year and had failed to visit with children); *In the Interest of R. J. P.*, 222 Ga. App. 771, 772 (1) (476 SE2d 268) (1996) (failure to support or contact children evidence of continuing deprivation). Clear and convincing evidence of deprivation was presented to the juvenile court, and the trial court did not err in denying Nelms's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1998.

*Jason R. Hasty*, for appellant.
*Terrence J. Paulk, James K. Knight, Jr.*, for appellee.