A98A2187. IN THE INTEREST OF L. S. M. et al., children.
(512 SE2d 397)

SMITH, Judge.

Appellant James L. McIlveene appeals from an order of the juvenile court authorizing the Houston County Department of Family & Children Services ("DFACS") to discontinue efforts to reunite his family under OCGA § 15-11-41 (i).[1] Because the juvenile court's decision is supported by clear and convincing evidence, we affirm.[2]

In 1996, a deprivation petition was filed by DFACS on behalf of McIlveene's three children, then aged ten, three, and one. The petition alleged that the mother was hopelessly addicted to drugs and left the children at home alone and unsupervised and that McIlveene, also a drug abuser, took the three-year-old and went to Idaho, leaving the other two children with the mother. McIlveene, by letter from Idaho, requested that the children be placed with his half-sister. The juvenile court found the children to be deprived and granted temporary custody to DFACS. A reunification plan was devised for McIlveene, but he did not follow all its recommendations. The record does not show that this 1996 order was ever appealed.

In 1997, McIlveene petitioned for the return of the children. After a hearing at which six witnesses testified, the juvenile court made the following findings: the children remained deprived; McIlveene was incapable of providing proper parental care and supervision; and the deprivation was likely to continue. The court also found that the children have severe psychological or psychiatric problems as a result of their unstable upbringing and that McIlveene fled the state with one of the children to escape the threats of drug dealers, had lived in thirteen different places in at least four states since the children were placed in DFACS custody, and was a cocaine user and dealer. Finally, the court found that McIlveene was evasive and untruthful in his testimony to the court. McIlveene did not appeal this order.

DFACS petitioned to change the case plan goal from reunification of the family to non-reunification. In October 1997, after a hearing at which seven witnesses testified, the trial court entered an order incorporating its earlier findings in denying return of custody to McIlveene and making additional findings of fact.

The court noted that the court-appointed special advocate recommended termination of McIlveene's parental rights. The court also

---

[1] The trial court found that the mother had notice of the hearing but did not appear. She is not a party to this appeal.

[2] This appeal is properly before us, because an order to discontinue reunification efforts is "final" for purposes of direct appeal. See *In the Interest of S. A. W.*, 228 Ga. App. 197, 199 (1) (491 SE2d 441) (1997).

noted the testimony of McIlveene's relatives, including his stepmother and brother, that he has not maintained a stable, steady residence, and has abandoned two other sets of children he has fathered. The trial court specifically found credible the testimony of McIlveene's brother that McIlveene has a long history of serious drug abuse and has sold cocaine. The court found McIlveene was not truthful about his cocaine abuse and has been as involved in cocaine as his seriously addicted wife. In addition to the psychological problems noted earlier, the court found that the two youngest children also suffer from fetal alcohol effect and require special treatment that McIlveene will not be able to provide. The court also found that McIlveene has been unable to deal with his children's problems in the past, that he was unable to provide the court with any specific plan to care for the children, and that despite earning a significant salary, he had failed to provide any financial support for the children for a continuous period of one year.

"We are bound by the trial court's findings that the children are deprived and that such deprivation was caused by [McIlveene] in its unappealed orders. [Cit.]" *In the Interest of K. A. C.*, 229 Ga. App. 254, 257 (3) (493 SE2d 645) (1997). The trial court also found in its second unappealed order that the deprivation was likely to continue, and the evidence developed at the later hearing also supports that finding, particularly in light of McIlveene's continuing and unexplained failure to support his children. Id. We must also consider the court's explicit finding that McIlveene was untruthful, evasive, and inconsistent in his testimony before the court. *In the Interest of J. S.*, 232 Ga. App. 876, 880 (1) (502 SE2d 788) (1998). McIlveene points to countervailing testimony presented on his behalf, but "[o]n appeal, this Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met." (Citations and punctuation omitted.) *In the Interest of K. S. W.*, 233 Ga. App. 144, 147 (1) (503 SE2d 376) (1998). While McIlveene contends that he has changed his ways, "judging the credibility of [his] good intentions was a task for the juvenile court. The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact." (Punctuation omitted.) *In the Interest of M. L.*, 227 Ga. App. 114, 117 (2) (488 SE2d 702) (1997).

For these reasons, we conclude that the criteria in OCGA § 15-11-41 (i) (1) and (3) were satisfied, and we find no error in the juvenile court's finding that reunification services should be discontinued. *In the Interest of S. A. W.*, supra, 228 Ga. App. at 200.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 18, 1999.

*Ricky E. Jones*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie B. Hope, Assistant Attorneys General, Williams, Sammons & Sammons, Walter G. Sammons, Jr.*, for appellee.