A00A2492. In the Interest of T. R. et al., children.
(548 SE2d 621)

Pope, Presiding Judge.

The Juvenile Court of Jones County, following two hearings, entered an order authorizing the Jones County Department of Family & Children Services (DFACS) to discontinue efforts to reunite T. R., A. R., and K. R. with their mother and father. The mother appeals,[1] contending that the juvenile court should have dismissed DFACS's report recommending nonreunification because it did not comply with the requirements of OCGA § 15-11-58.[2] For the reasons that follow, we affirm.

1. The mother first contends the juvenile court should have granted her motion to dismiss because the report to court recommending nonreunification did not meet the requirements of OCGA § 15-11-58 (b) (formerly OCGA § 15-11-41 (c)). In pertinent part that subsection provides:

> The contents of the report shall be determined at a meeting to be held by the Division of Family and Children Services . . . in consultation with . . . the parents and children, when available. The parents shall be given written notice of the meeting at least five days in advance and shall be advised that the report will be submitted to become an order of the court. The report submitted to the court shall also contain . . . any recommendations of the parents, if such are available.

In this case, the mother points to evidence which she contends shows that the contents of the report recommending nonreunification were determined prior to her meeting with DFACS caseworkers. Although we agree with the mother that the report should not be finalized until after the meeting contemplated by OCGA § 15-11-58 (b) has occurred, we disagree with the mother's apparent contention that nothing should be committed to writing prior to the meeting. In our opinion, the statutory procedure was followed in this case.

Moreover, we also find no merit to the mother's argument that the report failed to meet the requirements set forth in OCGA § 15-11-58 (f) (formerly OCGA § 15-11-41 (g)). Contrary to the mother's contention, the report sufficiently set forth the factual bases for determining that a plan for reunification was not appropriate.

---

[1] The father consented to the recommendation to discontinue reunification and has not appealed the juvenile court's order.

[2] Effective July 1, 2000, subsections (b) through (r) of OCGA § 15-11-41 were redesignated as subsections (a) through (q) of OCGA § 15-11-58. Ga. L. 2000, p. 20, § 1.

2. The mother also contends that DFACS presented no evidence concerning reasonable efforts made to return the children safely to the home, as required by OCGA § 15-11-58 (a) (formerly OCGA § 15-11-41 (b)). The record does not support this contention. Evidence was presented, as the juvenile court noted and the mother's counsel acknowledged, concerning efforts made to allow the children to return home, including that DFACS had provided the mother with parenting classes and substance abuse treatment. Indeed the mother testified that the parenting classes provided by DFACS had enabled her to identify and to seek treatment for medical problems suffered by a child born subsequent to the removal of the three children who are the subject of this appeal, and that as a consequence that child did not suffer the same fate (failure to thrive) as had two of her older children. Additionally, some of DFACS's attempts to aid the mother were met with resistance, such as when the mother was untruthful in some of her responses during an alcohol abuse assessment. This contention is without merit.

3. Lastly, the mother argues there was insufficient evidence to establish clearly and convincingly that continued reasonable efforts to reunify the family would be detrimental to the children as required by OCGA § 15-11-58 (h) (formerly OCGA § 15-11-41 (i)). However, that subsection goes on to provide that there will be a presumption that reunification services should not be provided if the court finds by clear and convincing evidence that:

> (1) The parent has unjustifiably failed to comply with a previously ordered plan designed to reunite the family; (2) A child has been removed from the home on at least two previous occasions and reunification services were made available on those occasions; (3) Any of the grounds for terminating parental rights exist, as set forth in subsection (b) of Code Section 15-11-94; or (4) Any of the circumstances set out in paragraph (4) of subsection (a) of this Code section exist, making it unnecessary to provide reasonable efforts to reunify.

Our review shows the finding of the juvenile court that the mother unjustifiably failed to comply with plans designed to reunite the family is supported by clear and convincing evidence. See *In the Interest of S. A. W.*, 228 Ga. App. 197, 200 (491 SE2d 441) (1997). As the court noted, under the mother's version of events, everyone who had testified before the court, except her, was untruthful about her efforts. "[B]ut on appeal, this Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the juvenile court's factfinding and [we] affirm unless the appellate standard is not met."

(Citations and punctuation omitted.) *In the Interest of L. S. M.*, 236 Ga. App. 537, 538 (512 SE2d 397) (1999). *In the Interest of R. U.*, 239 Ga. App. 573, 577 (1) (521 SE2d 610) (1999).

Moreover, although the mother argues that the fact that two children, born after the removal of the three older children, were allowed to remain in the home shows continued reunification efforts would not be detrimental, she fails to mention that by the time of the second hearing the two younger children had also been placed in foster care. And she also fails to mention that the younger children were removed after she was arrested for criminal trespass because she broke out windows in her public housing apartment or that the arresting officer testified she and her husband were arguing and that both of them smelled of alcohol, in violation of the case plan to remain alcohol free.[3]

Our review of this and other evidence shows there was clear and convincing evidence sufficient from which the juvenile court could conclude that reunification services should be discontinued, and the order of the court is accordingly affirmed. *In the Interest of R. U.*, 239 Ga. App. at 574-575 (1).

*Judgment affirmed. Miller and Mikell, JJ., concur.*

DECIDED FEBRUARY 26, 2001.

*Richard A. Epps*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Philip B. Spivey*, for appellee.

---

[3] The mother does not argue that this subsequent evidence should not be considered, and her attorney conceded at the second hearing that this evidence was relevant to the issue of nonreunification.