A05A0097. IN THE INTEREST OF K. R. et al., children.

(605 SE2d 911)

BLACKBURN, Presiding Judge.

The mother of K. R., W. R., and C. R. appeals the juvenile court's order that approved the cessation of the State's efforts to reunify the mother and her children. She argues that the evidence was insufficient to justify the court's order. We disagree and affirm.

On a mother's appeal from an order approving plans for nonreunification, we construe the evidence in favor of the judgment and determine whether a rational trier of fact could have found clear and convincing evidence that reunification services should not be provided. See In the Interest of J. P.[1] "[W]e neither weigh the evidence nor determine the credibility of witnesses; we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met." (Punctuation omitted.) Id.

So construed, the evidence shows that, after finding the three children to be deprived, the juvenile court in August 2003 placed the children in the custody of their paternal aunt and ordered the mother to comply with a case reunification plan. In November, the court again found the children deprived and ordered that the Tattnall County Department of Family & Children Services take custody of the children and again ordered that the mother comply with the case reunification plan. Based on the mother's income, the court specifically ordered the mother to pay $50 per week to the Department as child support. In addition to her duty to pay the child support, the case plan required her (a) by February 16, 2004, to undergo a psychological evaluation, (b) by June 16, 2004, to complete counseling sessions to be recommended by the anticipated evaluation, (c) by June 16, 2004, to schedule and complete parenting classes, and (d) by June 16, 2004, to secure adequate income and housing to support and shelter the children.

---

[1] In the Interest of J. P., 253 Ga. App. 732, 735 (560 SE2d 318) (2002).

The mother did not make any child support payments until three months later in February 2004. By June 2004, by which time she should have paid over $1,200 in child support, she had paid only $410. As of that time, she had also not attended any parenting classes. She had repeatedly missed her psychological evaluation appointments and did not undergo the required evaluation until June 2, 2004. Accordingly, she had not even begun the requisite counseling sessions as of that time.

OCGA § 15-11-58 (h) provides:

> When reviewing the determination by the Division of Family and Children Services of the Department of Human Resources that a reunification plan is not appropriate, the court shall determine by clear and convincing evidence whether reasonable efforts to reunify a child with his or her family will be detrimental to the child and that reunification services, therefore, should not be provided or should be terminated. There shall be a presumption that reunification services should not be provided if the court finds by clear and convincing evidence that: (1) The parent has unjustifiably failed to comply with a previously ordered plan designed to reunite the family.

Accordingly, where evidence shows that the mother has unjustifiably failed to comply with a court-ordered reunification plan, a presumption in favor of terminating reunification services arises and will support an order terminating those services. *In the Interest of B. D. G.*[2] See *In the Interest of S. A.*[3] (father's failure to comply with all of case plan goals justified nonreunification order); *In the Interest of T. R.*[4] (affirming nonreunification order where evidence showed mother unjustifiably failed to comply with case plans).

Here, at least some evidence shows that the mother unjustifiably failed to comply with the court-ordered case plan goals to pay child support, to receive a psychological evaluation by February 16, 2004, to complete counseling sessions by June 16, 2004, and to attend and complete parenting classes by June 16, 2004. Thus, ample evidence supported the juvenile court's order approving the termination of reunification services.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

---

[2] *In the Interest of B. D. G.*, 262 Ga. App. 843, 845 (586 SE2d 736) (2003).

[3] *In the Interest of S. A.*, 263 Ga. App. 610, 613 (588 SE2d 805) (2003).

[4] *In the Interest of T. R.*, 248 Ga. App. 310, 311 (3) (548 SE2d 621) (2001).

DECIDED NOVEMBER 1, 2004.

*Earle J. Duncan III*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Sherri P. McDonald*, for appellee.