618 S.E.2d 187 (2005)
274 Ga. App. 564
In the Interest of J.B.
No. A05A0842.
Court of Appeals of Georgia.
July 26, 2005.
Donald C. Gibson, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Charissa A. Ruel, Assistant Attorneys General, James A. Chamberlin, Jr., Brunswick, for appellee.
*188 BERNES, Judge.
The Juvenile Court of Glynn County entered an order authorizing the Glynn County Department of Family and Children Services ("DFCS") to discontinue efforts to reunite J.B. with his parents. The mother of J.B. appeals,[1] contending that there was insufficient evidence to support the juvenile court's order. We disagree and affirm.
On a mother's appeal from an order approving plans for nonreunification, we construe the evidence in favor of the judgment and determine whether a rational trier of fact could have found clear and convincing evidence that reunification services should not be provided. We neither weigh the evidence nor determine the credibility of witnesses; we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met.
(Citations and punctuation omitted.) In the Interest of K.R., 270 Ga.App. 296, 605 S.E.2d 911 (2004).
Viewed in this light, the evidence shows that J.B. first came into care in January 2004 after an automobile accident led to the arrest of the putative father for driving under the influence with J.B. in the car. DFCS was unable to locate appellant, the mother of J.B., because the putative father refused to provide any information concerning her whereabouts. Consequently, DFCS filed a deprivation petition and took temporary custody of J.B., initially placing him in emergency shelter care but later with his paternal grandmother.
After DFCS located appellant, an adjudicatory hearing on the deprivation petition was held at which both appellant and the putative father were present with counsel. The juvenile court found J.B. deprived based on the parents' substance abuse problems and granted custody to DFCS. The juvenile court noted that both parents had stipulated to all of the allegations made by DFCS in its petition, including the fact that J.B. was deprived, that it would be contrary to his welfare to remain in his parents' home, and that it would be in his best interest to be placed in DFCS custody. The juvenile court also directed DFCS to prepare a case plan with the goal of reunification in which the parents were required, among other things, to "remain sober and drug-free." Neither parent appealed the order.
DFCS developed a reunification case plan with 12 specific action goals. The plan required appellant to remain drug and alcohol free for six consecutive months and to test negative when required to take a drug screen. She was further required, among other things, to continue attending Alcoholics Anonymous ("AA") meetings and obtain an AA sponsor; obtain and maintain a source of income; obtain and maintain stable, clean and safe housing; attend and successfully complete parenting classes; and attend and successfully complete a drug/alcohol treatment program. Under the plan, appellant also was allowed weekly visits with J.B.
Over the ensuing months, appellant successfully completed several of the case plan goals, including successfully completing parenting classes and a drug/alcohol treatment program. However, as admitted by appellant at the hearing on the non-reunification motion, she failed to satisfy the case plan goal of remaining drug free for six consecutive months. In August 2004, she took a methadone pill that had been medically prescribed to one of her co-workers, leading her to test positive for benzodiazepine methadone.[2] Appellant took the methadone pill, even though she knew it was illegal to take *189 the pill since it had been prescribed to someone else. Following the positive test result for methadone, appellant refused to submit to two drug screenings in September 2004, one requested by DFCS and the other ordered by the juvenile court.
Under OCGA § 15-11-58(h), DFCS is authorized to cease providing reunification services if the juvenile court determines that there is clear and convincing evidence that "reasonable efforts to reunify a child with his or her family will be detrimental to the child."[3] However,
where evidence shows that the mother has unjustifiably failed to comply with a court-ordered reunification plan, a presumption in favor of terminating reunification services arises and will support an order terminating those services. In the Interest of B.D.G., [262 Ga.App. 843, 845, 586 S.E.2d 736 (2003)]. See In the Interest of S.A., [263 Ga.App. 610, 613, 588 S.E.2d 805 (2003)] (father's failure to comply with all of case plan goals justified non-reunification order); In the Interest of T.R., [248 Ga. App. 310, 311(3), 548 S.E.2d 621 (2001)] (affirming nonreunification order where evidence showed mother unjustifiably failed to comply with case plans).
(Footnotes omitted.) In the Interest of K.R., 270 Ga.App. at 297, 605 S.E.2d 911.
In its order granting DFCS's motion to discontinue further efforts at reuniting J.B. with appellant, the juvenile court found that a presumption arose in favor of discontinuance under OCGA § 15-11-58(h)(1) based on evidence that "[t]he mother has failed to comply with a previously ordered plan designed to reunite the family."[4] The juvenile court specifically found that "the mother has tested positive for methadone, a drug which was given to her by a friend and has failed and refused to submit to drug screens as requested by [DFCS] and by the Court." Likewise, the juvenile court found that "the mother's lack of cooperation with [DFCS] in meeting the requirements of the case plan and her continued use of controlled substances" prevented J.B. from being safely maintained in appellant's home. As a result, the juvenile court concluded that "[r]easonable efforts to reunify the child with the family will be detrimental to the child and therefore reunification services should not be provided or should be terminated."
On appeal, appellant contends that there was insufficient evidence to support the juvenile court's determination that DFCS was entitled to discontinue providing reunification services. However, as appellant conceded at the hearing on the non-reunification motion, she failed to satisfy the case plan goal of remaining drug free for six consecutive months by testing positive for methadone in August 2004. Appellant also subsequently refused to take two drug screenings in September 2004. Accordingly, the juvenile court was authorized to conclude that a presumption arose in favor of terminating reunification services under OCGA § 15-11-58(h)(1). See In the Interest of S.A., 263 Ga.App. at 613-614, 588 S.E.2d 805 (concluding *190 that evidence was sufficient to support termination of reunification services when father tested positive for drugs and failed to attend several drug screenings).[5]
Nor did appellant present evidence that demanded a finding that the presumption had been rebutted. Compare In the Interest of M.H., 251 Ga.App. 528, 530-532, 554 S.E.2d 616 (2001) (evidence required finding that presumption in favor of discontinuing reunification efforts had been rebutted, when DFCS's own expert testified that in his opinion such efforts still were appropriate, and DFCS presented no other psychologist or other expert to contradict that opinion). While it may be true that appellant complied with certain other case plan goals and has continued to make efforts to visit J.B., the juvenile court was entitled to weigh this evidence against her failure to remain drug free as required by the plan and to conclude that the presumption had not been rebutted. See In the Interest of S.A., 263 Ga.App. at 614, 588 S.E.2d 805 (noting that it is the role of the juvenile court, not this Court, to weigh the evidence).
Furthermore, appellant's case plan goal of remaining drug free went to the heart of why J.B. was removed from his parents' custody in the first place, and her failure to meet that goal meant that "the cause of her child[']s deprivation . . . had not been remedied." In the Interest of M.T.M., 267 Ga.App. 492, 494-495(1), 600 S.E.2d 430 (2004). As such, the juvenile court was entitled to conclude that, because appellant chose not to resolve the core substance abuse problem causing her child's deprivation even after receiving rehabilitation services and other assistance from DFCS, "reunification services . . . should be terminated." Cf. In the Interest of J.A.R.S., 262 Ga.App. 237, 240(1), 585 S.E.2d 184 (2003) (finding that deprivation was likely to continue based in part on mother's continued drug use even after receiving treatment services). "Thus, ample evidence supported the juvenile court's order approving the termination of reunification services." In the Interest of K.R., 270 Ga.App. at 297, 605 S.E.2d 911.
Judgment affirmed.
BLACKBURN, P.J., and MILLER, J., concur.
NOTES
[1] The putative father of J.B. has not appealed.
[2] Appellant also had multiple positive drug tests before the positive result in August 2004. However, for the time period when those previous positive tests results occurred, appellant presented evidence that she had been taking several prescription drugs for various medical conditions, including gastroenteritis, migraine headaches, high blood pressure, and post traumatic stress disorder. She contended that these prescriptions could explain the positive drug test results (other than the August 2004 positive result for methadone). Although the DFCS case manager asserted at the hearing on the non-reunification motion that appellant had obtained the prescriptions by faking multiple illnesses, DFCS never presented any evidence to support this assertion. Nor did DFCS present any expert testimony explaining how or whether the prescriptions taken by appellant affected the drug test results from March up to August 2004.
[3] OCGA § 15-11-58(h) provides in full:

(h) When reviewing the determination by the Division of Family and Children Services of the Department of Human Resources that a reunification plan is not appropriate, the court shall determine by clear and convincing evidence whether reasonable efforts to reunify a child with his or her family will be detrimental to the child and that reunification services, therefore, should not be provided or should be terminated. There shall be a presumption that reunification services should not be provided if the court finds by clear and convincing evidence that:
(1) The parent has unjustifiably failed to comply with a previously ordered plan designed to reunite the family;
(2) A child has been removed from the home on at least two previous occasions and reunification services were made available on those occasions;
(3) Any of the grounds for terminating parental rights exist, as set forth in subsection (b) of Code Section 15-11-94; or
(4) Any of the circumstances set out in paragraph (4) of subsection (a) of this Code section exist, making it unnecessary to provide reasonable efforts to reunify.
(Footnotes omitted.) In the Interest of K.R., 270 Ga.App. at 297, 605 S.E.2d 911.
[4] The juvenile court also concluded that a presumption arose under OCGA § 15-11-58(h)(2) because several grounds existed for the termination of parental rights under OCGA § 15-11-94. We need not address this conclusion given that, as explained below, the juvenile court was entitled to conclude that a presumption arose under OCGA § 15-11-58(h)(1).
[5] Because appellant's failure to abide by the case plan in August and September 2004 was sufficient to justify a presumption in favor of discontinuing reunification services, we need not resolve whether DFCS presented evidence sufficient to show that appellant's prior positive drug tests were the result of illegal drug use in violation of the case plan.