A05A2265, A05A2266. SNYDER v. CARTER et al. (two cases).

(623 SE2d 241)

BLACKBURN, Presiding Judge.

James and Carol Snyder separately appeal a final order terminating their parental rights and granting Lori and Ray Carter's petition to adopt the Snyders' minor son, W. L. S. Both appeals assert the sole enumeration of error that the Superior Court of Forsyth County did not have subject matter jurisdiction over the Carters' petition. For the reasons set forth below, we affirm.

As the superior court's decision on whether it retained subject matter jurisdiction in this case was based on an application of law to undisputed facts, we apply a de novo standard of review. *McDonald v. MARTA.*[1] The undisputed evidence shows that based on a hearing held on October 29, 2003, the Juvenile Court of Forsyth County entered an order finding the Snyders' minor child, W. L. S., deprived pursuant to OCGA § 15-11-2.[2] Consequently, the juvenile court granted temporary legal and physical custody of W. L. S. to the Department of Family and Children Services (DFACS) but authorized placement of W. L. S. with maternal cousins, Lori and Ray Carter. On September 23, 2004, the juvenile court entered an order extending DFACS's legal custody of W. L. S. for another year. W. L. S. remained in the care of the Carters following this order.

On October 22, 2004, the Carters filed a petition for the adoption of W. L. S. and termination of the Snyders' parental rights in the Superior Court of Forsyth County. Shortly thereafter, in December 2004, DFACS filed a petition for the termination of the Snyders' parental rights in the juvenile court. On January 3, 2005, DFACS moved the superior court to dismiss the Carters' petition for adoption, arguing that the juvenile court had jurisdiction and was the proper venue for such proceedings based on both the deprivation matter as well as the petition for termination pending in the juvenile court. The superior court denied the motion and retained jurisdiction over the Carters' adoption petition. At the commencement of the hearing on the Carters' adoption petition, the Snyders similarly argued that the superior court did not properly have jurisdiction over the matter. The superior court disagreed and again denied the motion. Following the

---

[1] *McDonald v. MARTA*, 251 Ga. App. 230 (554 SE2d 226) (2001).

[2] OCGA § 15-11-2 (8) provides:

"Deprived child" means a child who: (A) Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals; (B) Has been placed for care or adoption in violation of law; (C) Has been abandoned by his or her parents or other legal custodian; or (D) Is without a parent, guardian, or custodian.

hearing, the superior court terminated the Snyders' parental rights and granted the Carters' petition to adopt W. L. S. These appeals followed.

The Snyders contend that the superior court erred in finding that it retained jurisdiction over the Carters' adoption petition. They argue that the juvenile court had exclusive original jurisdiction based on the pending deprivation matter before the juvenile court. We disagree.

Initially, we emphasize that "[s]ubject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Punctuation omitted.) *Dempsey v. Bd. of Regents &c. of Ga.*[3] Furthermore, matters concerning subject matter jurisdiction cannot be waived by failure to raise them in proceedings below. *Dept. of Human Resources v. Nation.*[4]

In addressing the issue of whether the superior court has jurisdiction over this adoption and termination of parental rights petition, we note that the facts of this case are remarkably similar to those of *Edgar v. Shave.*[5] In *Edgar*, appellant contended that the superior court lacked jurisdiction over an adoption petition because of the pendency of deprivation proceedings in the juvenile court. Id. at 338 (1). We disagreed and held that "OCGA § 19-8-2 (a) confers on the superior courts exclusive jurisdiction in all matters of adoption, except such jurisdiction as may be granted to the juvenile courts." (Punctuation omitted.) Id. We further held that while the juvenile court had exclusive original jurisdiction over deprivation proceedings, nothing in the text of former OCGA § 15-11-5 (a) (1) (C) (now OCGA § 15-11-28 (a) (1) (C))[6] granted the juvenile court jurisdiction over adoption matters. Id. To the contrary, "[e]xclusive jurisdiction of adoption proceedings is vested in the superior courts." (Punctuation omitted.) Id. See also *Spires v. Bittick.*[7] In addition, the superior courts have concurrent jurisdiction over termination of parental rights petitions filed in connection with an adoption petition. See *In the Interest of D. L. N.*[8]

---

[3] *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 292 (568 SE2d 154) (2002).

[4] *Dept. of Human Resources v. Nation*, 265 Ga. App. 434, 439 (1) (594 SE2d 383) (2004).

[5] *Edgar v. Shave*, 205 Ga. App. 337 (422 SE2d 234) (1992).

[6] OCGA § 15-11-5 (a) (1) (C) was the predecessor to OCGA § 15-11-28 (a) (1) (C), which provides: "Except as provided in subsection (b) of this Code section, the [juvenile] court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action . . . [c]oncerning any child . . . [w]ho is alleged to be deprived."

[7] *Spires v. Bittick*, 171 Ga. App. 914 (1) (321 SE2d 407) (1984).

[8] *In the Interest of D. L. N.*, 234 Ga. App. 123, 124 (1) (506 SE2d 403) (1998).

Citing *West v. Cobb County Dept. of Family &c. Svcs.*,[9] the Snyders nevertheless argue that OCGA § 15-11-28 (a) (1) (C) vests exclusive original jurisdiction in the juvenile court over matters concerning children whom the juvenile court has found to be deprived. In *West*, however, the Supreme Court of Georgia held only that a writ of habeas corpus filed in the superior court was not a proper remedy for seeking custody of a child found to be deprived and that therefore the juvenile court retained jurisdiction over the matter. Id. at 426. *West* did not in any way address the issue of the superior court's exclusive jurisdiction over adoption matters.

Based on the holding in *Edgar*, the superior court did not err in holding that it retained subject matter jurisdiction over the Carters' adoption petition and termination of the Snyders' parental rights. Accordingly, we affirm.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2005.

*Christopher S. Thurman*, for appellant (case no. A05A2265).
*Mindy R. Smith*, for appellant (case no. A05A2266).
*Patterson & Hansford, Jennifer D. Patterson*, for appellees.

---

[9] *West v. Cobb County Dept. of Family &c. Svcs.*, 243 Ga. 425 (254 SE2d 373) (1979).