# Court of Appeals
# of the State of Georgia

ATLANTA,  January 04, 2023

*The Court of Appeals hereby passes the following order:*

**A23I0110. IN THE INTEREST OF A. D. R., A CHILD (MOTHER).**

The mother of A.D.R. filed this timely application for interlocutory review of the juvenile court's orders finding the child dependent, suspending visitation, and concluding that the Bartow County Division of Family and Children Services has no duty to provide reunification services to the mother and shall have a new permanency plan of adoption. The juvenile court's order, however, is directly appealable. See *In the Interest of A. T.*, 309 Ga. App. 822, 824 (1), n. 3 (711 SE2d 382) (2011) ("An order within a [dependency] proceeding deciding temporary custody of the child is a 'final order,' within the meaning of OCGA § 5-6-34 (a) (1), from which a direct appeal lies."); *In the Interest of S. A. W.*, 228 Ga. App. 197, 199 (1) (491 SE2d 441) (1997); accord *In the Interest of S. J.*, 270 Ga. App. 598, 608 (1) (a) (607 SE2d 225) (2004). "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the [applicant has] not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004).

Accordingly, this application is hereby GRANTED. The mother shall have ten days from the date of this order to file a notice of appeal with the juvenile court. If she has already filed a notice of appeal, she need not file a second notice. The clerk of the juvenile court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   01/04/2023*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*